KRAEMER ET AL. *v*. THE BOARD OF EDUCATION OF
CINCINNATI.

*Error — Verdict — Evidence — Jury fees — Eminent domain — View
by jury — Burden of proof — Appropriation of lands — Board
of education — Value of property taken, how established —
Effect of receiving amount of judgment — Number of jurors
necessary to return verdict.*

1. In a proceeding for the appropriation of lands brought by a
   board of education the view had by the jury necessarily can-
   not be limited to the property itself, but must include its im-
   mediate surroundings. The jury is entitled to, and must neces-
   sarily see, the land immediately surrounding that which is to be
   appropriated.

2. There is no rule in such a proceeding as to the burden of proof,
   nor is the property owner required to prove the value of his
   property by any preponderance of the evidence.

3. It is error in such a proceeding to refuse to permit the owner
   of the property to fix its value upon any plan most desirable to
   secure its sale at the best price available.

4. There is no authority in such a proceeding for taxing against
   the owner of the property a charge for fees of the jury.

5. The fact that the property owner receives the amount of a
   judgment paid into court in no way prevents his insistence
   upon any rights he may have or interferes with the prosecution
   of an error proceeding.

6. There is no requirement in such a proceeding that all twelve
   jurors agree and sign the verdict.

(Decided March 19, 1917.)

ERROR:    Court of Appeals for Hamilton county.

*Messrs. O'Connell & O'Connell,* for plaintiffs in
error.

*Mr. Charles A. Groom,* city solicitor, and *Mr.
Dennis J. Ryan,* assistant city solicitor, for defend-
ant in error.

JONES, P. J.   This action originated in the insolvency court as a proceeding brought by the board of education to appropriate lands of the defendants for use for school purposes.

Under the provisions of Section 7624, General Code (103 O. L., 466), such proceedings are had as provided for an appropriation of private property by municipal corporations.   These provisions of the General Code are found in Part First, Title XII, Division III, Chapter 1.

As a matter of right, the owner of the property is entitled to an order from the court for a view of the premises by the jury, under Section 3684, General Code, and it is not a matter for the discretion of the court as in ordinary civil cases under Section 11448, General Code.

The court in ordering a view of the premises in this case properly stated:

"The object of sending the jury out to view the property is to get the lay of the land in your minds and the environment of it, so that when the evidence of the value of the land is produced by the witnesses you can apply the evidence to the conditions as you have viewed them."

This view is for the purpose of seeing the real estate to be condemned; not for the purpose of fixing its value by the jury from its own opinion formed by such view, but for the purpose of properly considering the evidence of such value produced in court from the witness stand.

The view had by the jury necessarily cannot be limited to the property itself, but must include its immediate surroundings.   That is, a jury cannot be taken to the property blindfolded, as it were, and

see only the land included within its boundaries, but must as the trial court suggested "get the lay of the land" and see its immediate environment.

In ordering the view of the premises in this case it appears, on page 6 of the record, that counsel for the board of education said:

"As I understand it, the jury is not to have their attention called to anything but the Kraemer property.

"The Court: That is it, they are to have their attention called only to the property itself."

To this ruling of the court a general exception was taken by the defendants.

The court erred in so limiting the view of the jury. Counsel for defendants desired particularly to have the attention of the jury called to the property immediately across Kendall avenue upon which the property to be appropriated abutted. They had a right to have the jury see that property, as it constituted part of the immediate surroundings of the land under consideration. The value of real estate depends largely upon its location and upon the improvements that are immediately adjacent to it. While it would not be proper to have the jury conducted over any considerable part of the city for the purpose of viewing lands not immediately connected with that involved in the proceedings, still they are entitled to see, and must necessarily see, the lands immediately surrounding that which is to be appropriated; and the property owner in this case was deprived of a statutory right in not being permitted to call the jury's attention to the property immediately surrounding the land in question.

In its general charge to the jury the court used the following language:

"It is not the province of the court to tell you all the things to do or how to arrive at compensation, other than I have indicated, but in fixing the measure of compensation in this case, the rule is that the burden of proof, the amount of compensation, is on the property owner. The property owner must prove the value of the property by a preponderance of the evidence."

The court committed an unfortunate error to the prejudice of the plaintiffs in error in this part of its charge. Appropriation proceedings are special in their nature. They are not necessarily adversary. There is no rule as to the burden of proof, nor is the property owner required to prove the value of his property by any preponderance of the evidence. It is the duty and privilege of the parties in the case to inform the jury by proper evidence of the fact to be determined. In this case it was a simple question of the value of the land to be taken. The owner of the property produced witnesses who were familiar with values of real estate in that locality, particularly the value of the land in question; and the board of education also produced evidence of that character. In this case, as frequently occurs, the witnesses for the plaintiff fixed values in somewhat similar amounts much less than the values fixed by the owner of the property and the witnesses produced by him. The charge as given by the court might doubtless be construed by the jury as requiring the owner of the property to establish by a preponderance of the evidence the value as fixed by his witnesses, the burden of proof

having been placed by the court upon him; and the owner failing so to do the jury might feel that under this charge they would be authorized to reject the evidence offered by the property owner and confine themselves to that produced by the board of education. Such a result should not be permitted, nor should any warrant for such view be contained in the charge of the court. In this case such a result might more readily happen, from this erroneous charge, for the reason that the court very properly stated in another part of its charge that the jury would not be permitted merely to average the testimony given; and they were properly cautioned by the court not to take the values as testified to by the different witnesses and divide the same by the number of witnesses. Such a method is not permitted by the law, because it in effect puts every witness, good, bad and indifferent, on the same plane, no matter how well or illy qualified he may have shown himself to be to fix a proper value. But as stated above, we can well see that this part of the charge, taken in connection with the erroneous paragraph which we have cited above, might work to the great detriment of the property owner.

Counsel for plaintiffs in error also urge upon the court what are claimed to be errors regarding the admission of testimony — particularly in the refusal of the court to permit the consideration of front-foot values, as applied to the land appropriated. In the opinion of the court the record discloses a disposition on the part of the trial court to confine the testimony to a valuation by the acre rather than by the front foot. Undoubtedly the

property owner was entitled to show the value of his land by either method, and to have the jury give full consideration to such evidence. On page 255 (record) the court in ruling upon an objection by counsel for plaintiff stated:

"When you sell property by the acre and you sell property by the foot, it is two different propositions. I will have to sustain that objection."

There was no exception taken to this ruling. And again on page 39, where the property owner himself was on the stand and was testifying as to the value of part of the land by the front foot, under a plan of subdivision that he deemed available, and was fixing a value by frontage of one of such proposed lots into which he expected to divide the property, the court ruled:

"It is not property by feet. It is not a value of any particular thing. It is a value as an entirety they are condemning here. I cannot see where the pertinency of this comes in in examination in chief."

An exception was reserved to this ruling, and we think the court erred in refusing to permit the owner of the property to fix its value upon any plan most desirable to secure its sale at the best price available. These rulings of the court could not but prejudice the property owner's case before the jury.

In taxing the costs, it appears that a charge for fees of the jury amounting to $150.80 was taxed against the owner of the property. No authority for this in the statutes has been pointed out to us.

Presumably it was done pursuant to Section 11089, General Code, but this section of the statutes does not appear in the chapter that controls this appropriation, but is in the chapter providing for the appropriation of private property by a public corporation. As to such corporations it has been upheld in *Detroit Southern Rd. Co.* v. *Commissioners of Lawrence Co.,* 71 Ohio St., 454, and on page 458 of the opinion of the court it is conceded that such is not the rule with reference to municipal corporations; and this appropriation by the board of education, as we have before stated, comes under the same chapter as that by municipal corporations. In our opinion it was error to tax jury fees in this case against the property owner, as part of the court costs.

It appears that the board of education has paid the amount of the judgment into court and taken possession of the property appropriated, that Albert O. Kraemer has withdrawn from his account the money so paid and receipted for the same to the clerk of the court, and that on an order of the court below bonds were given by the board of education and by Albert O. Kraemer, respectively, on the one part to pay any additional sum that might be awarded and on the other to pay back any excess that may be found to have been so paid if another trial should be had as a result of this error proceeding. It is now argued that because of the receipt by Albert O. Kraemer of the money so paid into court he must be deemed to have accepted the result of the trial below, notwithstanding this proceeding in error, which thereby becomes a moot case and should be dismissed.

Under Section 3695, General Code, there is distinct authority given to the board of education upon the entry of a judgment to pay in the money and take possession of the land. While no express authority is set out in the statute for the withdrawal of the money by the property owner, it is clear that it was paid into court for his benefit as an equivalent for his land which is at once taken for public use. No provision is made for payment of any interest upon the money or its investment for his benefit. As he has lost his land, he at once becomes entitled to the money paid as its equivalent. If it should ultimately be determined not to be the proper amount, security given by each of the parties insures the proper final adjustment. The fact that he has received the money so paid in no way prevents his insistence upon any rights he may have or interferes with the prosecution of this error proceeding. The reasons, as discussed at length in the opinions of the court in *Meily* v. *Zurmehly,* 23 Ohio St., 627, and *Wagner* v. *Railroad Co.,* 38 Ohio St., 32, are conclusive, although these cases involve appropriations by corporations under the other chapter.

It is also urged that the law requires all twelve jurors to agree and sign the verdict, and that only ten signed the return in this case. A decision of the probate court of Pike county is cited to support this claim. (*N. & W. Ry. Co.* v. *Foster,* 19 N. P., N. S., 267.) To the contrary is *The Ohio Light & Power Co.* v. *Gutridge,* 12 O. L. R., 211, at page 214. An appropriation proceeding by a corporation is by Section 11075, General Code, declared to be a civil action. Sections 3683 and 3695, General

Code, also classify an appropriation by a municipality as a civil action, the former section providing that "the jury shall be drawn and the trial proceed as in other civil actions." Section 11455, as amended 103 Ohio Laws, 11, by virtue of authority given in Section 5, Article I of the Constitution (as amended September 3, 1912), provides that "In all civil actions a jury shall render a verdict upon the concurrence of three-fourths or more of their number." This clearly applies to the instant case, and the charge of the trial court in that respect was correct.

For the reasons stated, the judgment of the court below must be reversed and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

Gorman and Hamilton, JJ., concur.