### DOWLING v DAYTON UNION RAILWAY CO et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1146.   Decided Feb 4, 1933

Albert J. Dwyer, Dayton, for plaintiff in error.

Matthews & Matthews, Dayton, for the R. R. Co., defendant in error.

Herbert Beane, City Attorney, Dayton, and Walter Snyder, Ass't City Attorney, Dayton, for defendant in error, the City of Dayton.

BY THE COURT

The questions presented are interesting and have been carefully and ably argued in the brief of counsel for plaintiff in error. We have examined the record, the brief and the opinion of Judge White of the trial court and are in accord with the theory upon which he determined the questions presented, the thorough manner in which he considered the case, the law cited in support of his position, and the conclusion reached in his opinion, which is reported in **OLR, January 2, 1933, page 129.**

We are satisfied that neither the petition nor the amended petition states a cause of action; that there was no taking of the property of plaintiff as is contemplated by the Ohio constitution, nor would the improvement in the street proper constitute a nuisance under §3714, GC, City of Wooster v Arbens, 116 Oh St, 281.

We readily concede liability if the corporation created a nuisance in the street resulting in damage to plaintiff.

It may be observed that the damages which the court said in **McCombs v Akron, 15 Oh St, 475,** the city could be made to answer were because of permanent injury resulting to the land itself of plaintiff by reason of the completed improvement and not for any temporary inconvenience occasioned in the construction and carrying on of the improvement to completion.

To like effect are many of the cases supporting and citing McCombs v Akron, supra, as is **Schimmelmann et v The Lake Shore & Michigan Southern Railway Co. et, 83 Oh St 356.**

In Hiestand v Waid, Director of Highways, No. 270, Court of Appeals, Clark County (unreported), we insisted in part upon strict construction against the defendant of the **Ohio Constitution, Art. 1, §19,** in a road improvement, grade elimination case because it appeared that, although the work was carried on by the Director, there was a contract between the Director and The Erie R. R. by the terms of which the railroad agreed to pay 50 per cent of the cost of the improvement. The Supreme Court was not sympathetic toward our view point and reversed our judgment in **Waid, Director of Highways v Hiestand, 122 Oh St, 615.**

**City of Norwood v Clendon H. Sheen, 36 OLR, 423, (12 Abs 69)** affirmed by the Supreme Court, Ohio Bar, December 5, 1932, page 415, arose by reason of overflow of a city sewer onto the real property of Sheen for a period of four years. This may be termed a temporary taking but it was a physical impairment to the realty proper and the court relief upon **Schneider v Brown, 33 Oh Ap, 269,** where the taking resulted from entrance without consent onto the realty, the drilling of holes in the earth causing the ground to slip and consequent damage.

Judgment affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.