## ANCHOR REALTY CO v
## NEW YORK CENTRAL R R CO et

Ohio Appeals, 6th Dist, Lucas Co

No 2866.  Decided Feb 19, 1934

Tracy, Chapman & Welles, Toledo, for plaintiff in error.

Doyle & Lewis, Toledo, Ralph C. Doty, Director of Law, Toledo, and W. G. Christensen, Assistant Director of Law, Toledo, for defendants in error.

## OPINION

By LLOYD, J.

In substance, the trial court charged the jury that whatever, if any, damage was caused to the property of the plaintiff in error must be limited to the effect of the change of grade upon the property as "it existed and was being used prior to the change of grade."  The measure of damages thus announced is in direct conflict with the decision of the Supreme Court in Cohman v St. Bernard, 111 Oh St, 726, where it is said at page 750:

"The measure of damages has never been declared by any previous decision of this court in any case involving a change of the grade of a street.  In the case of Crawford v Village of Delaware, 7 Oh St, 459, there is no discussion of the measure of damages, but there is a discussion, beginning at page 470 of the opinion, concerning the nature of a proceeding whereby a change of grade is adopted, and it is therein declared that property owners are entitled to compensation because the change is an invasion of

a private right for the benefit of the public and therefore an appropriation of property. This being the theory upon which compensation is awarded in favor of the property owner and against the municipality, the same measure of damages must necessarily be applied as in any other exercise of the right of eminent domain. It has been the approved practice in Ohio for more than half a century, and it is also the approved practice in the courts of other states, to ascertain the difference between the market value of the property before the improvement and the market value of the property after the improvement, and that difference shall constitute the damages."

In view of the rule thus announced by the Supreme Court, the charge of the trial court as given in the instant case constituted prejudicial error.

The instructions requested by plaintiff in error in advance of argument and refused by the court, are as follows:

"II. The court instructs you that in so far as plaintiff's cause of action for damages by reason of the change of grade is concerned, plaintiff is entitled to recover as a matter of law an amount equal to the difference between the reasonable market value of the property just prior to the establishment of the new grade and the reasonable market value of the property just after the establishment of the new grade; and you are further instructed that in law reasonable market value means the price which a willing buyer would be willing to pay and a willing seller would be willing to take, while neither buyer nor seller are under any compulsion to buy or sell, taking into consideration the best use or uses to which the property is or could be reasonably adopted."

"III. The court instructs you as a matter of law that in determining the amount of damages directly caused to plaintiff by the grade separation work and change of grade on Monroe Street you shall measure the same by taking the difference between the reasonable market value of the property in question taken as a whole immediately before and the reasonable market value of the property in question taken as a whole immediately after the completion of the grade separation work.

In determining such reasonable market value of said property at the times referred to you are not restricted to the use to which the property was being put immediately before the commencement of said work, but you should consider in that connection

the best use or uses to which the property as a whole, both real estate and buildings, were reasonably adapted at the times in question."

These requests are correct statements of the law except that the phrase therein "the best use or uses" should read "any lawful use or uses." The court was justified, therefore, in rejecting them.

It follows that the instructions below quoted, asked by the defendants in error and given by the court, were prejudicial to plaintiffs in error and should not have been given, viz:

"You are instructed as a matter of law that the plaintiff, The Anchor Realty Company, is in no event entitled to recover more than the value of the improvements or buildings on its property at the time of the change of grade."

"If you should find that the grade crossing improvement in this case has impaired or rendered less convenient the ingress and egress to and from the buildings or improvements on plaintiff's property, and if you should also find that by alterations in the driveways, approaches or entrances to such improvements, such ingress and egress could be restored as well as it was before, then plaintiff, The Anchor Realty Company, is limited in its recovery for any such damage to the reasonable cost or value of such alterations as are necessary to so restore such ingress and egress."

Upon retrial, evidence bearing upon the correct measure of damages as declared by the Supreme Court should, of course, be received; evidence as to the value of the buildings separate from the land, and the value of the land separate from the buildings, also being admissible.

For the reasons given, the judgment of the Court of Common Pleas is reversed and the cause remanded to that court for a new trial.

Reversed and remanded.

RICHARDS and WILLIAMS, JJ, concur.