CARNABUCCIO ET AL., APPELLANTS, *v.* PENNSYLVANIA RD. CO. ET AL., APPELLEES.

(Decided January 31, 1938.)

*Messrs. Young & Young,* for appellants.

*Messrs. King, Flynn & Frohman* and *Mr. Richard Kruse,* for the Pennsylvania Railroad Company.

*Messrs. Williams, Eversman & Morgan, Mr. Wm. H. Black* and *Mr. G. Ray Craig,* for The New York, Chicago & St. Louis Railroad Company.

*Mr. J. Allen Vickery,* city solicitor, for the city of Bellevue.

CARPENTER, J. This was an action for trespass on property of the plaintiffs, appellants. To plaintiffs' petition the several defendants filed separate demurrers, which were sustained by the trial court on the ground that the petition does not state a cause of action, and, plaintiffs not desiring to plead further, judgment was entered and plaintiffs appealed on questions of law.

The petition alleges in substance that the defendants, the Pennsylvania Railroad Company, The New York, Chicago & St. Louis Railroad Company (which will be referred to herein as the railroads) and the city of Bellevue (which will be referred to as the city) have unlawfully and forcibly entered upon their premises where they conduct a retail grocery business and have torn up the street in front of it, causing great damage to their property and business, for which they ask damages.

They further allege that the defendants claim the right to do what they have done under certain proceedings then pending in the Common Pleas Court of Huron county, and they attach to and make a part of their petition a copy of those proceedings.

From this attached exhibit it appears that the Director of Highways of the state of Ohio and the railroads, with the co-operation of the city, are engaged in a grade crossing elimination project where the city street crosses the tracks of the railroads; that such proceedings have regularly progressed to the point where affected property owners, including plaintiffs, have filed claims for damages, and the director has ordered all such claims transmitted to the council of the city "for its proper action and determination." The council, on October 12. 1936, passed a resolution by which it determined that the claims of two of the claimants should be judicially determined before the completion of the improvement, and all other such

claims, including that of the plaintiffs herein, after the completion of the improvement; and it requested the City Solicitor of the city to "apply to the Probate Court or Common Pleas' Court of Huron county, wherein said real estate is situated, for the determination of the compensation and damages, or either, of said claimants."

Acting on this authority, the city solicitor filed an application in the Common Pleas Court of Huron county making parties defendant therein all persons who had filed claims, including these plaintiffs, and alleging in detail the facts hereinbefore stated and other pertinent facts, and attached to the application a copy of the resolution of council. This application and attached resolution constitute the proceeding attached and made a part of plaintiffs' petition herein.

The error assigned by the appellants is the sustaining of the demurrer to their petition. Supporting their petition, the appellants assert, stating their claims concretely, that:

1. The proceeding above described is illegal because it was brought by the city through its city solicitor and not by the Attorney General of Ohio; and

2. If the law does authorize the solicitor to make the application for the city, the acts of the defendant constitute an unconstitutional invasion of the plaintiffs' property rights before their damages have been determined and paid.

The last proposition is disposed of by the Supreme Court in *Waid, Dir.,* v. *Heistand,* 122 Ohio St., 615, 174 N. E., 139, wherein it decided that under Section 19 of Article 1 of the Constitution of Ohio, private property may be "taken for the purpose of making or repairing roads" without first making compensation to the owner. This being a highway improvement, it falls within the constitutional exception, and plaintiffs'

damages may be determined after the completion of the improvement.

The details of procedure for the elimination of grade crossings are specified minutely in the statutes. The particular question involved in the applicants' first contention, as above stated, takes our attention to three separate sentences in Section 1228-1, General Code, as follows:

"* * * The procedure governing such improvements shall be in accordance with the provisions of Sections 1229 and 1229-19 and related sections of the General Code, as applicable to railroad crossings on the state highway system, except as hereinafter provided. * * *"

"Legislative authorities of any political subdivision shall have authority when approved by the director of highways and when cooperating with the department of highways in projects authorized under this act, to follow the procedure available for the director of highways in grade elimination projects as provided in Sections 1229 et seq. of the General Code. * * *"

"The commissioners of any county or any municipal corporation may cooperate with the director in any of the hereinbefore described improvements, adopting the appropriate procedure set forth in Sections 1191, 1229-15, 1195-1 and related sections of the General Code. * * *"

Sections 1191, 1229-15 and 1195-1 relate to the division of the cost of construction between interested units, a matter not involved in this case. Hence for "related sections of the General Code" referred to in the law quoted, when dealing with a municipality, we look to Sections 8863 to 8894, General Code. Section 8885 deals with the determination of claims for damages and empowers the council of a municipality to determine "whether such claims are to be judicially inquired into * * * before commencing, or after the

completion, of the proposed improvement" and "Thereupon, the mayor or solicitor shall make application for a jury * * * to the Common Pleas or Probate Court * * * and all proceedings upon such application shall be governed by the laws relating to the application provided for in other cases of city improvements."

Appellants point to Sections 1229-11a and 1229-11b, General Code, as requiring the Director of Highways to file copies of his orders and proceedings with the Attorney General and "request him to apply to the Probate or Common Pleas Court * * * for the determination of the compensation and damages," and "The attorney general, within a reasonable time, shall file an application * * * which shall contain a prayer to the court to fix a date for such trial."

The right of a cooperating municipality, as the city in this case, on orders from the director, to take over the duty of having such claims judicially determined is not challenged. But by reason of the provisions of Section 1229-11b above referred to, it is urged that only the Attorney General of the state has power to make such application. Such reasoning misconstrues the language of Section 1228-1, which authorizes the "Legislative authorities of any political subdivision * * * to follow the procedure available for the director." "Procedure" as thus used, has reference to the order and means of accomplishing the end, a judicial determination of the claims, not necessarily the persons by whom it is done. When such a proceeding is initiated by the Director of Highways, a state officer, he does so by the state's legal officer, the Attorney General; when by a municipality, by its legal officer, the solicitor; and if it were a county in charge, its prosecuting attorney would be the appropriate official to make the application. This law does not impose upon the Attorney General of the state the duty of making

all such applications and conducting such proceedings for all of the political subdivisions of the state when so directed to take charge by the director.

The method used by the city in this matter follows the way expressly pointed out in Section 8885, General Code. Hence, whether "related sections of the General Code" as used in Section 1228-1, refers to Sections 1229-11a and 1229-11b, or to Section 8885, the action taken by the city conforms to both in respect to the proper officer to make the application.

All of the appellees offer another reason why the plaintiffs' petition does not state a cause of action, in that it shows upon its face that it is a collateral attack upon another action, and that the questions presented here should have been raised in that matter which was pending when plaintiffs' petition was filed.

There can be no question but that the Common Pleas Court of Huron county in that matter has jurisdiction of the persons of these plaintiffs as defendants therein, and of the subject of the city's action, to wit, the assessment of damages to plaintiffs' property; in fact, plaintiffs bring this action in the same forum for the same purpose. That court having jurisdiction, the most that can be said for the plaintiffs' objection to that action is that the plaintiff therein, the city on relation of its City Solicitor, does not have capacity to sue. This question could and should have been raised in that matter. Section 11309, General Code.

For the reasons stated the court below properly sustained the demurrers and its judgment is affirmed.

*Judgment affirmed.*

LLOYD and OVERMYER, JJ., concur.