CITY OF BELLEVUE, APPELLEE, *v.* STEDMAN ET AL., APPELLANTS.

(Decided May 8, 1939.)

*Mr. J. Allen Vickery, Mr. Wm. H. Black* and *Mr. G. Ray Craig,* for appellee.

*Messrs. Young & Young* and *Mr. Kenneth Fox,* for appellants.

OVERMYER, J. This is an appeal wherein Domenico Carnabuccio and his wife seek the reversal of a judgment for $2,000 entered on a verdict in their favor in the Court of Common Pleas of this county in a condemnation action brought by the city of Bellevue, Ohio,

against them and others, to determine the damage to properties abutting upon a grade elimination project in that city. This project involved the separation of the grade of East Main street in said city, being U. S. Route 20, and the tracks of the Pennsylvania and Nickel Plate railroads.

In the petition, the city made all persons defendants who had presented claims for damages by reason of the improvement, and Domenico and Angeline Carnabuccio were among those whose claims, as determined by the legislation authorizing the improvement, were to be inquired into after the completion of the improvement. A jury trial resulted in the verdict and judgment above noted. The errors assigned are as follows:

1. That the court erred in granting the opening and closing of the case to the plaintiff city.

2. That the court erred in charging that the burden of proof was upon the defendants.

3, 4, 5, 6 and 7. Admission and rejection of evidence; error in special instructions and in the general charge; error in special instructions given upon inquiry by the jury during deliberations, and other errors shown by the record.

The legislation for the project referred to and the condemnation proceedings involved, were had under the statutes providing for the cooperation of municipalities with the State Department of Highways in the abolishment of railway grade crossings (Sections 1228-1 and 1229-15, General Code), and the related sections on the subject of grade elimination projects by the State Department of Highways (Sections 1228-1 and 1229 *et seq.*, General Code), and such projects by cooperation between county commissioners and the Department of Highways (Sections 1191, 1195-1 and 1228-1, General Code).

These statutes are referred to and discussed in an opinion by this court in the case of *Carnabuccio* v. *Penna. Rd. Co.*, 59 Ohio App., 37, 16 N. E. (2d), 1006.

■ In the foregoing opinion it is stated that when a municipality is cooperating with the director of highways in a grade elimination project under the statutes mentioned herein, then Section 1228-1, General Code, provides that the ''legislative authorities of any political subdivision shall have authority when approved by the director of highways * * *, to follow the procedure available for the director * * *.'' The word ''procedure'' is then defined, and while the question presented in the first assignment of error herein was not then before us and not discussed or decided, this court is of the opinion that Section 1228-1, General Code, gives full authority to a cooperating municipality to follow state procedure when cooperation has been tendered by the municipality and accepted by the state director, and that official has approved such procedure under Section 1229 *et seq.,* General Code; and that the proceedings by the municipality are then governed by the statutes which would govern the procedure if carried out by the director of highways; and in that view, Section 1229-11*b*, General Code, settles the question as to who shall open and close on trial by the specific provision that ''the state shall open and close in giving testimony and in arguments.'' The first assignment of error is therefore not well taken.

■ The second assignment of error relates to a single statement in the charge, as follows:

''The defendants must prove their allegations by a preponderance of the evidence, that is, the evidence which preponderates or weighs more in your final analysis of the same.''

Defendants contend this charge placed the general ''burden of proof,'' as that term is known, upon them, contrary to the holding in *Martin* v. *City of Columbus,* 101 Ohio St., 1, 127 N. E., 411; *Kraemer* v. *Board of Education,* 8 Ohio App., 428; *Muccino* v. *B. & O. Rd. Co.,* 33 Ohio App., 102, 168 N. E., 752, and other cases. These cases are authority for the rule that in condem-

nation suits there is no general burden of proof as in other civil cases, and that in condemnation cases the jury acts as a disinterested assessing or appraising board to determine, from the evidence, the fair market value of the property taken. The above quoted statement from the charge cannot be construed otherwise than as a charge on "burden of proof," a statement to the jury that the burden of proof rested on the defendants to prove the value of their property by a preponderance of the evidence, in clear violation of the rule stated in the foregoing decisions. However, counsel for defendants stated in argument and in the brief that a reversal was not desired on this ground alone.

■ The third assigned error concerns the rejection and admission of evidence, the rejected evidence relating to, (a) loss of profits at the store of defendants during a two-year period of construction of the grade elimination project, caused by barricading of defendants' premises located on the edge of a rather deep cut being made for a subway, making the store inaccessible to patrons, and (b) loss of the goodwill of the business of defendants, which is claimed to have been destroyed by the improvement.

No Ohio authorities are cited by defendants on this proposition, but a number of English and Canadian authorities are cited. It is argued that, whatever the rule generally might be in Ohio and other states, such damages should be recoverable in this case because the city saw fit to delay the assessment of damages as to these defendants until after the project was completed, and that the objection that such items of damage are too speculative would not obtain since they are able now to prove with reasonable certainty, what damages resulted to them in these respects.

However, Ohio courts have had before them similar situations and have discussed the rule to be applied. In the case of *Dowling* v. *Dayton Union Ry. Co.*, re-

ported in 13 Ohio Law Abs., 606, the Court of Appeals of the Second Appellate District, held:

"The inconvenience occasioned by the temporary obstruction of the access to a building from the street, during the construction of a grade crossing elimination, does not amount to the taking of property within the meaning of the Ohio Constitution."

In *Pritz* v. *Messer,* 112 Ohio St., 628, at page 638, 149 N. E., 30, the Supreme Court say:

"* * * Acts done in the proper exercise of the police power, which merely impair the use of property, do not constitute a taking of property for public use."

In *Colonial Furniture Co.* v. *Cleveland Union Terminal Co.,* 47 Ohio App., 399, 191 N. E., 903, the syllabus reads:

"Temporary inconvenience in abutting owner's easement in and to public street, caused by construction of tunnel by union depot company, did not constitute 'taking' for public use, requiring payment of compensation, where possession of abutting property was not disturbed * * *."

The court states in the opinion: "We find no statute which gives the plaintiff a right to recover damages for the inconvenience suffered and for loss in rental values."

The rule to be applied in determining the measure of damages in condemnation proceedings as announced in *Gohman* v. *City of St. Bernard,* 111 Ohio St., 726, 146 N. E., 291, and followed by this court in *Anchor Realty Co.* v. *N. Y. C. Rd. Co.,* 47 Ohio App., 319, 191 N. E., 830, clearly is the authoritative rule in Ohio, and it does not include within its term any allowance of incidental damage for interference with ingress and egress, loss of trade or business, damage to goodwill, or similar items.

See also *Trustees of Cincinnati S. Ry. Co.* v. *McWilliams,* 18 Ohio App., 225, at 227 to 229.

In 18 American Jurisprudence, pages 899, 901, in

Section 259, it is stated, on the subject of damages under eminent domain:

"It generally has been assumed that injury to a business is not an appropriation of property for which compensation must be made. There are many serious pecuniary injuries which may be inflicted without compensation. * * * Similarly, the loss of profits during the period that business is necessarily suspended while the establishment is being moved * * * or during a period occupied in making improvements that cut off access to the premises, is not a substantive item of damages."

The same authority, on page 902, under Sections 260 and 261, states:

"The productive value of land, or the value to its owner based on the income he is able to derive from his use of the land, is not the measure of compensation and is not material except so far as it throws light upon the market value. * * *

"In the United States it is uniformly held that the loss or diminution of the goodwill of a business, caused by the condemnation of the land on which the business is located, is not an element of damages or compensation. * * * The 'going' or 'efficiency' value of an established and successful business, estimated upon anticipated profits for carrying on such business, cannot be taken into consideration in arriving at the amount which the owner is entitled to recover."

See the discussion in *Lake Shore & M. S. Ry. Co.* v. *Cincinnati, S. & C. Ry. Co.*, 30 Ohio St., 604, at pages 623 *et seq.* See also 13 Ohio Jurisprudence, 151, Section 72; and 7 A. L. R., 164, where it is said:

"With remarkable unanimity the American jurisdictions hold that evidence of profits derived from a business conducted on property is too speculative, uncertain, and remote to be considered as a basis for computing or ascertaining the market value of the property in condemnation proceedings."

The defendants, of course, are not satisfied with the amount of the verdict and judgment, although it is within $100 of what they paid for the property within a year before the improvement was begun. But we find that the trial court gave the jury the proper rule for determining the amount of damages, as referred to in the foregoing authorities, and was correct in rejecting evidence as to incidental damages by way of inconvenience, interference with business, loss of profits or goodwill, or anticipated future profits. Further, the offers to prove these items, as shown in the record, would have been so indefinite as to have justified rejection, had the court allowed inquiry on these items. For example, on the subject of the "annual business" of the store (only conducted one year by appellants) the offer to prove was "between $2,000 and $3,000 a year, most of which was profit."

We have examined the record with respect to all errors complained of, and find none of them of prejudicial character requiring a reversal, except the charge relating to burden of proof, which appellants do not insist upon as a ground for reversal. The verdict in its amount cannot be said to be grossly inadequate, justifying interference by a reviewing court. We are, therefore, required to affirm the judgment.

*Judgment affirmed.*

CARPENTER and LLOYD, JJ., concur.