CITY OF CINCINNATI, APPELLEE, *v.* TUKE ET AL., APPELLEES; COOPER, APPELLANT.

48

(No. 6076—Decided March 9, 1942.)

*Mr. John D. Ellis* and *Mr. Nathan Solinger,* for appellee, city of Cincinnati.

*Mr. Arthur W. Gordon,* for appellant, James G. Cooper.

MATTHEWS, P. J.    This appeal is by a property owner over whose property the right of eminent domain is being asserted in this proceeding.

The only issue was the amount of compensation to be paid for the property taken and the damage to the residue.    Upon these elements, the evidence was conflicting.    The appellant's witnesses placed a much higher value upon the property taken and the amount of the damage to the residue than did the witnesses called by the municipality.

The court charged the jury as follows:

"Now the burden of proof in this case is upon the property owner, Mr. Cooper, to show by a preponderance of the evidence the title and ownership of the parcels of land which he claims; the nature, extent and value of his interest and of the improvements thereon and the privileges and appurtenances attached thereto.

"By a preponderance of the evidence we do not necessarily mean by the greater number of witnesses, but we mean simply if in weighing all the evidence in the case offered on the one side outweighs that on the other, then that side is said to have the preponderance or greater weight of the evidence, you having, there-

fore, the duty in this case to fix the compensation to be paid to Mr. James G. Cooper for the land actually taken and the easement taken.''

In *Martin* v. *City of Columbus,* 101 Ohio St., 1, 127 N. E., 411, the court in an appropriation proceeding, held as stated in the syllabus:

''2. In such proceeding, there are no formal pleadings or definite issues, which admit of affirmation upon one side and denial upon the other, and hence the doctrine of 'burden of proof' has no application.

''3. The jury acts merely as an appraising or assessing board, determining the fair market value of the property from all the evidence submitted.''

The charge under consideration in that case was:

'' 'The burden of proving the value of this property rests upon the defendants, the owners of the property, and they are required to prove its value by a preponderance, that is, by the greater weight of the evidence.' ''

The court reversed the judgment for error in the charge. That case has never been overruled, and has been consistently followed by the lower courts. *City of Bellevue* v. *Stedman,* 63 Ohio App., 150, 25 N. E. (2d), 695; *Kraemer* v. *Board of Education of Cincinnati,* 8 Ohio App., 428; and *Muccino* v. *B. & O. Rd. Co.,* 33 Ohio App., 102, 168 N. E., 752.

We are of the opinion that the charge in the case at bar contains the same error that was found in *Martin* v. *City of Columbus, supra.* It is urged that because the title, ownership, nature and extent of the owner's interest in the property was combined with value in the charge distinguishes this charge from those considered in the cases cited. The distinction seems to us unimportant. There was no issue of fact as to the

title, ownership, extent or nature of the interest of the property · owner. The evidence was undisputed on those subjects. They presented no issue for submission to the jury.

The charge contains another inaccuracy. It seems to make the preponderance of the evidence turn on which side offered the evidence. This is an error. It should have been made to depend on the intrinsic probative effect of all the evidence, regardless of who offered it. *Travelers' Ins. Co.* v. *Gath,* 118 Ohio St., 257, 160 N. E., 710.

It is urged that the verdict was manifestly against the weight of the evidence, but as the judgment must be reversed and the cause remanded for a new trial for the errors in the charge, we express no opinion on the weight of the evidence.

We find no other error prejudicial to the appellant in the record.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

HAMILTON and Ross, JJ., concur.