**DEERCREEK LOCAL BOARD OF EDUCATION, Plaintiff-Appellant, v. PAYNE et al., Defendant-Appellee.**

Ohio Appeals, Second District, Madison County.

No 169.    Decided August 30, 1949.

**418**

Frank J. Murray, London, for plaintiff-appellant.
H. H. Crabbe, D. H. Jackman, London, for defendants-appellees.

### OPINION

By WISEMAN, J.:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Madison County in an appropriation proceeding instituted by Deercreek Township Board of Education for the purpose of acquiring three lots for playground purposes in the unincorporated Village of Lafayette, Madison County.

The land appropriated is described as Lots Numbered 42, 43 and 44 upon the recorded plat of the Village of Lafayette. These lots are contiguous and have no improvements thereon. The lots extend in an easterly and westerly direction and front on West Street, which extends in a northerly and southerly direction across the easterly end of said lots. South of said lots, and separated by a public alley, are Lots Numbered 5, 6 and 7, which extend in a northerly and southerly direction and front on U. S. Route 40. The rear of these three lots abuts on the aforementioned alley. The famous Red Brick Tavern is located on Lot No. 7. The land taken, and the last mentioned lots, are owned by the defendant-appellee, Nellie S. Payne.

The jury assessed as compensation for lots numbered 42, 43 and 44 the sum of $4,500.00 and allowed as damages to lots numbered 5, 6 and 7 the sum of $4,000.00.

The principal error assigned is that the court erroneously assumed, in its charge to the jury, that lots numbered 42, 43 and 44, 5, 6 and 7, constituted one tract of land and, also, erroneously considered lots numbered 5, 6 and 7 as the residue of the tract from which the land appropriated was taken. The court charged as follows:

"After determining the value of the part actually taken you will next determine the damages, if any, to the residue of the tract other than that taken, which will be occasioned either by the severance therefrom of the part taken or the use for which the appropriation is made, or both."

And again:

"It is your duty to determine and fix the value of the property taken, and the damage to the residue, from the testimony and the evidence alone."

And with reference to the verdict the court charged as follows:

"There will be but one form of verdict furnished you in this case. It is simple and self-explanatory. In the line indicated for that purpose you will place in dollars and cents the amount which you find to be the value of the land taken, and then on the line indicated for such purpose you will place in dollars and cents the amount of damages which you find resulting to the residue of the premises, and on the next line total these two sums."

It is apparent that the court failed to submit the above mentioned question of fact for determination by the jury.

Sec. 4834-11 GC provides that appropriation proceedings applicable to municipalities shall apply. Appropriation of private property by municipalities is controlled by §3677 GC et seq.

The rule is well established that in appropriation proceedings the landowner is entitled to compensation for the land taken and damages, if any, to the remaining property as a result of the taking. **Grant v. Village of Hyde Park, 67 Oh St 166, 65 N. E. 891; Vol. 15 O. Jur., Page 791, Section 99.** The rule assumes that there is a part of the tract remaining after the land appropriated has been taken. The question to determine is whether the facts in this case bring it within the rule. Do lots numbered 5, 6 and 7 constitute the remaining portion of one single tract? In **Vol. 15 O. Jur. Page 792, Section 101,** the following statement is found:

"The mere fact that other land adjoins the land taken, and is owned by the same person, does not make it remaining land, whether it is farm land or city lots. But if other land which adjoins, and is owned by the same person, is used

in connection with the land taken for a single purpose or business, it is remaining land, and damages may be had for damage caused thereto by the appropriation, whether the property is farm land or city lots."

In Vol. 29 C. J. S., Page 981, Section 140, the headnote is as follows:

"Where several contiguous lots or tracts constitute an entire parcel used for a general purpose by the owner, all injuries which may be caused to the entire body of the land by the taking of a part may be considered; but, even where lands are contiguous, the owner is not ordinarily entitled to damages accruing to tracts which are separate and distinct from the lands taken."

On page 982 the text is as follows:

"To constitute a unity of property within the rule, there must be such a connection or relation of adaptation, convenience, and actual and permanent use as to make the enjoyment of the parcel taken reasonably and substantially necessary to the enjoyment of the parcels left, in the most advantageous and profitable manner in the business for which they are used. If the separate tracts of which a part of one is taken are not put to a joint use, they cannot be considered as one parcel in assessing damages to the land not taken, and this is especially true where the tracts are separated by a street, or a watercourse."

In the case at bar the lots appropriated, and the lots remaining, abut on either side of a public alley. The fact that the alley separated the two blocks of lots did not necessarily establish the two blocks of lots as separate tracts. The use to which the lots were put determines whether it was one tract or two separate tracts. Unity of use is the principal test. There was convincing evidence presented to the effect that the lots taken were not used in connection with the operation of the Red Brick Tavern. There was ample evidence from which the jury could find that there was no unity, physical or functional, between the lots taken and the lots remaining. Whether the lots taken and the lots remaining were used for one common purpose so as to constitute a single tract was a factual matter to be determined by the jury under proper instructions. Seither v. City of Cleveland, 17 C. C. N. S. 552, affirmed without opinion in 86 Oh St 357, 99 N. E. 1123;

Chicago and E. R. Co. v. Hoffman, 119 N. E. 169 (Ind.);
Charleston and South Side Bridge Co. v. Comstock, 15 S.
E. 69 (W. Va.); Sharp v. United States, 191 U. S. 341, 354;
Vol. 29 C. J., page 1297, 1298, Sec 289; Vol. 18 Am. Jur. 1004,
Sec. 362. In the instant case the charge to the jury as-
sumed the existence of a material fact which was in dispute.
The error was one of commission and not of omission. In so
charging the court invaded the province of the jury and
committed reversible error. **Plotkin v. Meeks, 131 Oh St 493,
499, 3 N. E. 2d. 404; Vol. 39 O. Jur., page 997, Section 292.**

The appellant contends that the court charged incorrectly
as to the burden of proof. The court charged as follows:

"This sort of case is different from the ordinary jury trial
in that there are no issues in the normal sense of the term,
and no burden of proof in regard to the evidence."

The appellant contends that on the question whether the
two blocks of lots were used for a common purpose and con-
stituted a single tract, the landowner carried the burden of
proof; and that the landowner carried the burden of proof
to prove the damage to the residue, if all the lots were found
to constitute a single tract. In **Martin v. City of Columbus,
101 Oh St 1,** 127 N. E. 411, the court held:

"An action brought by a municipality to condemn private
property under the constitution and laws of Ohio is a proceed-
ing in rem.

In such proceeding, there are no formal pleadings or
definite issues, which admit of affirmation upon one side
and denial upon the other, and hence the doctrine of 'burden
of proof' has no application.

The jury acts merely as an appraising or assessing board,
determining the fair market value of the property from all
the evidence submitted."

This rule has been followed in **Kraemer v. Bd. of Edn., 8
Oh Ap 428; Muccino v. B. & O. Rd. Co., 33 Oh Ap 102, 104;**
168 N. E. 752; **City of Bellevue v. Stedman, 63 Oh Ap 150, 153;**
25 N. E. 2d 1695; **City of Cincinnati v. Tuke, 70 Oh Ap 47, 49,**
44 N. E. 2d 748. For a contrary holding see **Holtsberry v. State,
ex rel., 14 Oh Ap 86.** In Bank of Edenton v. United States,
152 Fed. (2d) 251, (U. S. C. C. A., 4th Circuit, North Carolina)
at page 253, the court makes this statement:

"It may be noted that the entire conception of the burden
of proof does not lend itself too readily to application in con-

demnation proceedings, and in at least one jurisdiction, it has been entirely rejected. **Martin v. City of Columbus, 101 Oh St 1,** 127 N. E. 411."

A distinction must be made between burden of proof and the right to open and close the case, a right conferred upon the landowner by §3684 GC. It does not follow that the landowner carries the burden of proof on any issues or that there is a burden of proof in such a proceeding.

On the question of proof of damages the general rule is that the burden to prove damages rests on the landowner, Vol. 29 C. J. S. 1257, Sec. 271 (cases cited). However, the rule in Ohio is contrary to the general rule. Martin v. City of Columbus, supra. We have no hesitancy in applying the principle of law announced in the Martin case to the question of proof of damages to the residue of the tract, if there was a residue. On this matter we definitely hold that there is no burden of proof resting on either party. However, the question presented for determination is not related solely to the proof of damages to the residue; the issue is clearly made by the evidence as to whether Lots 5, 6 and 7 constituted the residue of a single tract. It is important to point out that this question was not raised in the Martin case. The court in that case had before it only the question as to the burden of proof with respect to compensation. That the court in the Martin case was considering only the matter of compensation for the land to be taken is gathered from the concluding paragraph of the opinion, beginning at the bottom of page 11 :

"Clearly we have in the action at bar a proceeding in rem, a proceeding to take this specific property by an inquiry before a jury in order to make full compensation at the fair market value of the property. It is a proceeding in rem because it relates solely to the question of ascertaining or assessing the fair market value of the property, in order to make compensation to the owner, which is done solely in order to enable the public to get title and possession of the property for the public use. The jury serves merely as an assessing board or appraising body to fix the value, wholly apart from any formal technical issues or rules touching the proceedings, whether raised by pleadings or proof. This proceeding does not admit of any definite, formal, technical issue touching value. It therefore does not admit of the technical doctrine relating to burden of proof." (Emphasis ours.)

In the instant case the issue whether Lots 5, 6 and 7 constitute the residue of a single tract was clearly made and its determination is not affected by the question of compensation or damages. The jury was first required to determine whether there was a residue, and, if so, then determine the damages, if any, to the residue by reason of the taking of a part of the tract. In our opinion the question of damages and the issue as to whether there is a residue are so dissimilar as to require the application of a different principle of law. The condemnor filed this proceeding to appropriate Lots 42, 43 and 44 as a tract. The appellee contends that she owns Lots 5, 6 and 7 and that all six lots were devoted to a common purpose and constituted a single tract. The appellant contends that Lots 5, 6 and 7 were not used in common with Lots 42, 43 and 44 and did not constitute a residue of a single tract. Prima facie the two blocks of lots were separate parcels. Vol. 8 Am. Jur. 912. Under the circumstances we are persuaded to apply the general rule that he who asserts the affirmative of an issue has the burden of proving it. We are of the opinion that on this issue the court should have charged the jury that the burden of proof was on the appellee, the landowner. In support of this conclusion we cite the following: Minneapolis-St. Paul Sanitary Dist. v. Fitzpatrick, 124 A. L. R. 897, 908, 201 Minn. 442, 277 N. W. 394; Pittsburgh C. C. and St. L. Ry. Co. v. Crockett, 106 N. E. 875 (Ind.); Illinois Power and Light Company v. Talbott, 152 N. E. 486, 490, 321 Ill. 538; Essex Storage Electric Company, Inc. v. Victory Lumber Company, 108 A. 426, 93 Vt. 437. See Vol. 29 C. J. S. 1257 and cases cited.

We find no prejudicial error in the record relative to the admission of evidence.

It is urged that the verdict is not sustained by the evidence and is contrary to the manifest weight of the evidence. There was evidence submitted on the question whether all the lots constituted a single tract, and on the question of value of the lots taken and, also, as to damages to Lots 5, 6 and 7. There was a wide diversity of opinion expressed by the witnesses as to values and damages. Whether upon the theory that the trial judge was correct in submitting the matter to the jury under the instructions given, or upon the theory expressed by this court, we cannot conclude that the verdict is not sustained by the evidence or that it is contrary to the manifest weight of the evidence.

For errors in the charge the judgment is reversed and the cause remanded for further proceedings according to law.

MILLER, PJ, and HORNBECK, J, concur.