CITY OF AKRON, APPELLANT, *v.* ALEXANDER ET AL., APPELLEES.

[Cite as City of Akron v. Alexander, 1 Ohio App. 2d 357.]

(No. 5513—Decided December 16, 1964.)

*Mr. James V. Barbuto,* director of law, and *Mr. Stephan M. Gabalac,* for appellant.
*Mr. Irving A. Portman,* for appellees.

HUNSICKER, P. J. The city of Akron, Ohio, sought to appropriate real property, consisting of land and buildings, belonging to Joseph Alexander. This property is located in an urban renewal area being developed under the Federal Urban Renewal Regulation and certain ordinances of the city of Akron. A trial to assess the amount due the landowner was had on May 20, 1964. The jury then awarded Alexander compensation for his real property.

After the jury was impaneled to assess the value of the property to be taken, and before any testimony was adduced, counsel for the city of Akron requested, under authority of Section 719.10, Revised Code, that a view of the premises be had. That statute reads as follows:

"A view of the premises to be appropriated shall be ordered by the court when desired by the jury or demanded by a party to the proceedings. The owners of such premises shall have the right to open and close the case."

The trial court denied the request to view the premises, to which exception was then taken. The case then proceeded to trial, and an award of compensation was made. From the judgment entered on that award of the jury, an appeal on questions of law was lodged in this court.

The only claim of prejudicial error is: "The court erred in not permitting the jury a view of the premises." The purpose of a view of the premises is to enable the jury to better understand the evidence submitted to them. Such view is not in and of itself evidence. *City of Columbus* v. *Bidlingmeier,* 7 C. C. 136, 3 C. D. 698.

Evidence was taken by the trial court on the request to view the premises to determine, as the trial court stated, "whether or not the condition of the surrounding areas of the subject properties is so changed that it might be prejudicial to permit a view of the premises."

The properties herein were located in an area that was built up prior to the urban renewal program. The buildings involved in this matter were occupied by Alexander and various renters. At the time of the request to view the land and buildings situated thereon, nearly all the surrounding properties had been removed and the ground leveled. The area no longer presented the same appearance that it did prior to the

urban renewal work, although the property of Alexander (except for the fact that most renters had moved out) was substantially the same.

There are very few reported cases in which the statute herein (Section 719.10, Revised Code) has been discussed. An early Ohio case considered this statute prior to its re-enactment as a part of the Revised Code of Ohio (Section 3684, General Code of Ohio). In that case, *Kraemer* v. *Board of Education of Cincinnati,* 8 Ohio App. 428, the court said:

"As a matter of right, the owner of the property is entitled to an order from the court for a view of the premises by the jury, under Section 3684, General Code, and it is not a matter for the discretion of the court as in ordinary civil cases under Section 11448, General Code."

In that case, the request to view the premises was made by the owner of the property that was being appropriated.

A more recent case dealing with this statute is *City of Cleveland* v. *Carcione,* 118 Ohio App. 525. In that case an urban renewal project was in the process of development. The city of Cleveland demolished piecemeal various properties in and near the property involved in the matter then before the court. The property was not fully rented and was in a state of disrepair. The court there said, at page 533: "In our opinion, no useful purpose was served in permitting the jury to view the premises, and in the state of the record in this case it was prejudicial to the substantial rights of the appellant."

In the matter before us, much the same situation as existed in the case of *City of Cleveland* v. *Carcione, supra,* is found. The neighborhood was changed by the act of the city in demolishing the buildings, leveling the land, compelling the inhabitants of the neighborhood to move, causing the renters of the instant property to leave, and preventing other renters from occupying the property that soon was to be destroyed. With such facts before the jury, a view of the premises, which is not evidence, would not tend to help it understand conditions as they existed when the urban renewal project was first planned. A view of the premises would have given the impression of a property sitting in a level wasteland, standing out as a sore thumb in an otherwise vacant neighborhood.

Under the facts as we find them herein, it was not error of

a prejudicial nature to deny the request of the city of Akron for a view of the premises.

*Judgment affirmed.*

DOYLE and DUFFY, JJ., concur.

DUFFY, J., of the Tenth Appellate District, sitting by designation in the Ninth Appellate District.