I fully concur in the majority's analysis and disposition of appellants' assignments of error. I write separately only to question whether this Court has jurisdiction to review the majority of arguments raised by appellants.[4]
Reading R.C. 163.19 literally leads me to conclude a landowner loses his ability to appeal the right to take and use the property appropriated after the appropriating agency pays or deposits the amount of the award assessed (plus adequate security if required by the court). Such a literal reading appears to conflict with R.C. 163.09(B), which states, if the court finds in favor of the appropriating agency on any matter relating to the right to make the appropriation, the inability of the parties to agree, or the necessity for the appropriation, the court's order is not a final appealable order for purposes of appeal until assessment of compensation due for the appropriation.
This creates a catch-22 for appellants. Appellants could not appeal the trial court's ruling on the necessity of the appropriation until after the jury determined the amount of compensation. However, once the amount of compensation found owed was paid or deposited with the court, appellants no longer have the right to challenge the appellee's right to take and use the property on appeal. I suggest the best way to resolve this catch-22 would be for the legislature to amend R.C. 163.09 to specify a decision in favor of the agency on the preliminary issue of the agency's right to or necessitation for appropriation is a final appealable order. In the absence any express statutory directive, such determination would ordinarily constitute a final appealable order under R.C. 2505.02(B)(2) and (B)(4).
Further clouding the question of review by this Court is the effect of the distribution of the award to appellants pursuant to R.C. 163.18. The majority concludes the distribution does not render appellant's arguments concerning the right to and necessity for appropriation moot. I am not convinced it does not do so.
After trial, appellants applied to the trial court for distribution of the funds deposited by appellee in satisfaction of the jury's verdict. Appellants neither requested a suspension of execution of the order in the trial court pursuant to R.C. 163.19, nor a stay pending appeal in this Court. In the interim, appellee has taken possession of the property and demolished structures thereon, while appellants have had use of the funds deposited into the court.
Counsel for appellants asserted if appellants are successful on appeal, they will refund the amount they received in satisfaction of the jury's verdict. Such presumes the money is still readily available. Had this Court reversed the trial court's decision regarding the necessity of appellee's appropriation and appellants then failed to return the money they received, appellee would be forced to commence legal action to recover the money. It is not unlikely the amount to be refunded would be disputed, given appellants' anticipated claim to a setoff because of damages caused by appellee to the premises.
The majority relies upon Kraemer v. Board of Ed. of Cincinnati (1917),8 Ohio App. 428, in support of its position this issue is not moot. Upon my review of Kraemer, I find it distinguishable. The issue on appeal in Kraemer was the proper amount of money to be paid to the landowner, not the right to appropriate. The Kraemer court was concerned with the inequity of allowing the board of education to take possession of the land upon entry of the judgment without giving the landowner any interest upon the money or its investment for his benefit pending appeal. The simple solution to this inequity would be to escrow the funds paid to satisfy the judgment pending resolution of the appeal in an interest bearing account. Furthermore, unlike Kraemer, neither party herein gave any security or bond to insure proper final adjustment after resolution of the appeal.
In the other case cited by the majority on this issue, Wagner v. Railway Co. (1882), 38 Ohio St. 32, the landowner therein, like Kraemer, did not challenge the right to appropriate, but rather the amount of compensation to be paid. Both cases predate the present version of Ohio's Uniform Eminent Domain law. The application of these cases should be limited to where only the amount of compensation is being appealed. I suggest the better approach would be to find the landowner's acceptance of the amount deposited by the appropriating agency renders any challenge to the agency's right to or necessity for appropriation moot.
[4] Assignment of Error VI by appellants Dunlap is clearly subject to our review.