Jones, J.
 

 A clause in the insurance policy under consideration gave the company the right and opportunity to make an autopsy in case of death. The facts developed on the hearing disclosed that the agents of the insurance company, not only had knowledge of the death of the insured, but entertained a belief that death was caused by other than accidental means. This they had at least 30 hours before burial. The widow was the sole beneficiary under the policy, and continued to reside at the family home during the time intervening
 
 *373
 
 between the death and bnrial. A son who lived in Michigan was at the time at his mother’s home, looking after the funeral arrangements. At no time between the death and burial did the widow have any notice of a demand for an autopsy upon the body of her husband. The notice she received of that demand was on Monday, three days after the burial. On the hearing in the following November, while resisting the application for disinterment, she alleged that she did not object to, and would not have objected to, an autopsy had the same been demanded of her before burial. A verbal demand was twice made upon the son; the first on the day before the burial, and the second shortly before the funeral services began. In each of the conversations had between the son and the insurance company’s agents the son unequivocally told the agent that he would not notify his mother of the demand for an autopsy, but would assume all responsibility therefor.
 

 Two questions are presented by this record: First, Was the demand for an autopsy seasonably made by the agent of the insurance company? and, second, Was it made upon the proper person?
 

 The insured, having accepted the policy giving the company the right and opportunity to make an autopsy in case of death, the majority of this court do not deny the power of a court to grant that right in a proper case, nor deny the power of the court to dismiss an action if the beneficiary refuses to comply with such a contractual clause in a policy of insurance, if the demand be seasonably made, or a reasonable excuse for delay be proven, and there are justifiable reasons for belief that
 
 *374
 
 death did not result “through external, violent, and accidental means.” Whether a court should authorize the disinterment of a body for purposes of an autopsy naturally depends upon the peculiar circumstances arising in each case. In the present case there was no fraud or concealment on the part of the beneficiary.
 

 Autopsy clauses, such as we have here, are construed strictly by the courts in favor of the insured, and require a demand for an autopsy to be made before burial, especially when the death of the insured is known to the agents of the company, and it has reasonable grounds to believe that it was not caused by accidental means. The reported cases upon the subject show that the courts very reluctantly “permit any interference with human remains when once interred.”
 
 Danahy
 
 v.
 
 Kellogg,
 
 70 Misc. Rep., 25, 126 N. Y. S., 444, 448. It can readily be seen why this is so. Due regard for the feelings of the relatives, the protection of the sanctity of the grave, the exhumation of a body once interred, these and other considerations furnish cogent reasons why an autopsy could be more appropriately made and the assent of the relatives thereto more readily secured before rather than after burial. For these reasons the courts have generally maintained the principle that if the death and attending circumstances are known to the agents of the insurance company, as they were in this case, the demand for an autopsy, to be timely, must be made before burial.
 
 Wehle et al., Ex’rs.,
 
 v.
 
 United States Mutual Accident Ass’n,
 
 153 N. Y., 116, 47 N. E., 35, 60 Am. St. Rep., 598;
 
 Root, Admr.,
 
 v.
 
 London Guarantee & Accident Co.,
 
 
 *375
 

 Ltd.,
 
 92 App. Div., 578, 86 N. Y. S., 1055;
 
 United States Fidelity & Guaranty Co.
 
 v.
 
 Hood,
 
 124 Miss., 548, 87 So., 115, 15 A. L. R., 605;
 
 Johnson
 
 v.
 
 Bankers’ Mutual Casualty Ins. Co.,
 
 129 Minn., 18, 151 N. W., 413, L. R. A., 1915D, 1199, Ann. Cas., 1916A, 154. The foregoing are but a few of the eases sustaining the principle here announced, with which this court is substantially in accord.
 

 "We therefore approach the threshold of the second proposition: "Was the demand for an autopsy made upon the proper person? The testimony discloses that, when the insurance company made its two oral requests upon the son, the latter definitely advised the agent of the insurance company that he would not communicate the demand to his mother. The mother was at the family home, and during the time intervening between the death and burial, was receiving visitors and friends of the family. Indisputably it was the widow and not the son who had the right to refuse or grant the right to an autopsy upon the body of her husband. The widow was the sole beneficiary, and was the only person who could be prejudiced by a refusal. She was the one to whom the demand should be communicated. This was recognized by the claim adjuster at Dayton, who, when he was advised that the son refused to permit an autopsy, ordered the local agent at Hamilton “to make the demand upon Maggie L. Gath, the beneficiary.” Had the son communicated to his mother the fact that a demand had been made, the case would assume another aspect, but when the son twice assured the agent that he would not, and in fact did not, communicate the demand to his mother, it
 
 *376
 
 became the duty of the insurance company under the opportunity clause of the policy to secure other means whereby the widow and beneficiary should be informed of the demand. In view of the fact that the son refused to make this communication to his mother, and so apprised the agent, there was no sufficient demand for an autopsy made upon the plaintiff below before burial. She had no notice of the demand until three days after burial, and no reasonable excuse for the delay was shown.
 

 It is the judgment of this court, therefore, that the demand for an autopsy was not seasonable, since it was not communicated to the widow and beneficiary before burial. The order of the trial court, made seven months after burial, requiring the widow to assent to the exhumation of her husband’s body, was, under the circumstances developed by the testimony, erroneous.
 

 The judgment of the 'Court of Appeals, affirming the dismissal of the action by the trial court, will be reversed for the reasons stated, and the cause remanded to the trial court, with directions to reinstate the action, and for further proceedings according to law.
 

 Judgment reversed.
 

 Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.
 

 Marshall, C. J., dissents.