## TRAVELERS INS. CO. v. GATH.

### Ohio Supreme Court.

No. 20713. Decided March 14, 1928.

Error to Butler Appeals.
Judgment reversed.

225. CHARGE OF COURT—1277. Words and Phrases—1265. Weight of Evidence.

1. Charge that "evidence preponderates in favor of disputed proposition when that offered for and in behalf outweighs or is more satisfactory to your minds than that offered to the contrary" not reversible error.

2. Word "offered," in charge, not prejudicial where no evidence was offered in presence of jury and rejected by court and word "offered" refers to tender for or against disputed propositions.

3. Word "satisfactory" not prejudicial when qualified by word "more" or other comparative adjective.

677. JUDGMENTS AND DECREES.

Judgment in case of Gath v. Travelers Ins. Co. 113 OS. 369, held not final adjudication of right to hold autopsy.

MARSHALL, CJ.

1. An instruction to the jury upon the subject of the preponderance of evidence which states that the "evidence preponderates in favor of the disputed proposition when that offered for and in behalf outweighs or is more satisfactory to your minds than that offered to the contrary" is not reversible error.

2. The word "offered" in a charge is not prejudicial where the record does not disclose that any evidence was offered by either party in the presence of the jury and thereafter rejected by the court and where it does not appear that the word "offered" refers to its having been tendered by either party, but rather refers to a tender for or against disputed propositions.

3. In dealing with preponderance of the evidence the word "satisfactory" is not prejudicial when qualified by the word "more" or other comparative adjective.

4. The judgment of this court in the case of Gath v. Travelers Insurance Co., 113 Ohio St., 369, reversing a judgment of dismissal of the petition in the trial court for failure to afford the right and opportunity to make an autopsy and remanding for further proceedings in the trial court, was not a final adjudication of the right to hold an autopsy, inasmuch as the right was held in that decision to depend upon the question whether a seasonable demand had been made therefor and whether, such demand had been made upon the widow of the insured and the beneficiary under the policy. The question of the right to have an autopsy was one of the questions in the case and the insurance company had a right to raise such issue by answer and to have a determination of the jury whether a demand had been made under the rule formerly declared by this court.

(Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)