Marshall, C. J.
 

 The reversal was ordered by the Court of Appeals solely upon the ground that the trial court in its general charge said:
 

 “The burden of proof to show the facts so that you may be justified in answering these questions in the affirmative, is upon the plaintiff.
 

 “Burden of proof means the preponderance of evidence and evidence preponderates in favor of the disputed proposition when that offered for and in behalf outweighs or is more satisfactory to your minds than that offered to the contrary. ’ ’
 

 The Court of Appeals criticized the use of the word “offered” and the phrase, “is more satisfactory to your minds.”
 

 The term “offered” is not criticized by the Court of Appeals because of any difference in meaning between that word and the word “introduced,” and there is no question in this record of evidence being
 
 *260
 
 offered in the presence of the jury and afterwards rejected, but, on the contrary, the vice found by the Court of Appeals relates to the party presenting the same. That is to say, the Court of Appeals felt that all evidence should be weighed and considered for what it is worth upon any issue, regardless of whether the' same is offered by one party or the other. This court is in full accord with that view as an abstract proposition, but this court is unanimously of opinion that the charge of the trial court did not offend against that theory. A careful reading of that paragraph shows that the jury were instructed that they should determine the preponderance by weighing all the evidence for and against
 
 the disputed proposition.
 
 Nothing is found in that language to indicate that it makes any difference whatever whether the evidence is introduced by the one party or the other.. There is a clear distinction in meaning between offering evidence and having it received and introduced before the jury, and the word “offer” is not to be approved and might constitute error in a case where important evidence was offered, and its admissibility argued at length before the jury, so that the jury would have an intelligent understanding of it, and then finally rejected. If the jury should be instructed under such circumstances that evidence offered was to be weighed and considered, prejudice might result. Even so, it is difficult to see how intelligent jurors could be misled. We therefore find no reversible error in the use of the word “offered.”
 

 The other vice found by the Court of Appeals relates to the use of the phrase, “is more satisfactory to your minds.” This court has several
 
 *261
 
 times criticized an instruction that a preponderance of the evidence requires that the jury should be satisfied. This court has steadfastly adhered to the rule established by courts generally that a preponderance of evidence means the greater weight of evidence. This rule is plain and simple and involved in no difficulty. Any person of sufficient intelligence to qualify as a juror at all' should be able to apply such a rule without further instruction. The greater weight may be infinitesimal, and it is only necessary that it be sufficient to destroy the equilibrium.
 

 The Court of Appeals in this case evidently interpreted the language of the trial court as meaning that the jury must be
 
 satisfied,
 
 and if “more satisfactory” is held to have the same power and significance as “satisfied,” that language must be held to violate the rule heretofore declared by this court in several cases. We. are of the opinion, however, that that language was not calculated to make such an impression upon the jury. “More satisfactory” has no greater force than the word “outweighs.” It is rather an elucidation of the word “outweighs,” though no elucidation was necessary. The words should be treated as surplusage rather than be regarded as contradictory or confusing. All authorities agree that the preponderance means the greater weight. “More satisfactory” is a comparative expression and in this context must be held to have exactly the same force and effect as “greater weight.” In the case of
 
 Kelch
 
 v.
 
 State,
 
 55 Ohio St., 146, 45 N. E., 6, 39 L. R. A., 737, 60 Am. St. Rep., 680, this court had under consideration the following language:
 

 
 *262
 
 “It is sufficient if the jury is reasonably satisfied by the weight or preponderance of the evidence that the accused was insane * * *. ’ ’
 

 At page 152 (45 N. E., 7) of the opinion, Bradbury, J., states:
 

 “If it [the charge] had halted there, error would not have intervened.”
 

 While that language is in the opinion and not in the syllabus, it is scarcely less cogent, because the court failed to find that language to be erroneous, and in dealing with the question of error the syllabus found other language in that charge to be erroneous, as follows:
 

 “The proof must be such as to overcome the legal presumption of sanity; it must satisfy you that he was not sane.”
 

 In that case therefore this court drew a distinction between “satisfy” and “reasonably satisfied by the weight or preponderance of the evidence.” We think the- distinction was sound in that case, and the same reasoning should be applied to the instant case. The instant case is even less subject to criticism, because “more satisfactory” is a less rigid requirement than “reasonably satisfied.” We therefore find no error in the charge of the court and the judgment of the Court of Appeals must therefore be reversed, and the judgment of the court of common pleas affirmed.
 

 Though it is found that the Court of Appeals was in error in reversing the judgment upon the grounds referred to in the judgment of reversal, and though it was stated in its judgment entry that no other error was found in the record, it is nevertheless urged by counsel for Mrs. Gath that there
 
 *263
 
 were other errors upon which the judgment should have been reversed, and that the judgment of reversal was therefore right though it may have been for a wrong reason. The second defense of the answer alleged that the policy contract had been breached by refusal to afford the right and opportunity to make an autopsy. The reply traversed this defense and alleged that all matters in reference to defendant’s right to an autopsy under the terms and conditions of the policy were fully and finally adjudicated and determined by this court adversely to the claims of the defendant. Upon motion that allegation of the reply was stricken out, and when the case came on for trial the insurance company sought to introduce evidence of a demand having been made for autopsy after death and before burial, and counsel for Mrs. Gath at first objected to the introduction of such testimony, and later withdrew the objection, stating, “Let it go.” Thereupon more than 50 pages of the record were devoted to the examination and cross-examination of witnesses upon the issue raised by the second defense, and all of that testimony was directed to the inquiry whether a demand had been made upon Mrs.' Gath before burial. There was not only a withdrawal of objections prior to the time the testimony was introduced, but no later objection was made at any time during the examination of witnesses on that issue until at the close of all the testimony a motion was made to exclude it, which motion was overruled. The former decision of this court, reversing the trial court’s judgment of dismissal, is reported in 113 Ohio St., 369, 149 N. E., 389. That case only decided that where death is known to an
 
 *264
 
 agent of the insurer a reasonable time before burial, and the agent has reasonable grounds for entertaining the belief that such death was caused by other than accidental means, the demand for an autopsy, to be seasonable, must be made before burial, and further held that the widow, living at the home and being the sole beneficiary of the insured, was the person upon whom demand must be made. There was nothing in the former decision of this court which adjudicated the right to an autopsy, but that decision decided the time and manner of making a demand for an autopsy. That case was of course decided upon the record then presented, and it was found that the record did not establish that a demand was made upon the widow and beneficiary. The-cause was remanded for further proceedings. In the argument of that cause before this court, it was vigorously contended that the trial court had no right to finally determine the cause upon the issue of the right to an autopsy, and it was urged that the question of proper demand, or want of .it, could not be determined by the court, but must be submitted, like all other issues of fact, to the jury. That argument was undoubtedly sound. It was accordingly applied in the trial of the case, and the court properly held that the insurance company was entitled to take evidence upon-the issue of proper demand and to have the determination of the jury thereon. Counsel for Mrs. Gath evidently adopted the same theory in withdrawing objection to the introduction of testimony. Counsel went a step further in requesting the court to charge on that subject, and the court in obedience to sucli request did charge:
 

 
 *265
 
 “Where the policy gives the insurance company the right and opportunity to make an autopsy in case of death, the demand therefor to be seasonable must be made before burial. It must be made upon the beneficiary. If made by an agent of the insurance company upon the son of beneficiary, it is not sufficient where the son notifies the agent that he will not and in fact does not, communicate the request of the agent to the widow, beneficiary. ’ ’
 

 Having consented to the introduction of the testimony and having received the benefit of whatever tactical advantage might be derived from 50 pages of testimony on that point, and having requested and having received an instruction to the jury on that point, the claimant will not now be heard to complain of the action of the trial court, which was then acceptable and fully participated in,
 

 It should be further stated that no motion was ever made to strike out the second defense, and approximately 20 pages of the testimony upon that issue was rebuttal introduced by the claimant.
 

 There is still another reason why this assignment of error is not ground for reversal. The first defense denied that Gath received or suffered any bodily injuries on January 20, 1923, further alleged that his death did not result independently and exclusively of all other causes from any bodily injuries received by him on or about January 20,1923, and further alleged that- if any bodily injuries were received by him at that time, such injuries did not wholly and continuously disable him, from the time of said injury to the date of death, from performing any and every kind of duty pertaining to his occupation. Unless there was some error in the trial of
 
 *266
 
 the issues raised by the first defense, the claimant will not be heard to complain of any errors arising out of the trial of the issues raised by the second defense, inasmuch as the jury rendered a general verdict and no interrogatory was propounded to determine whether the verdict of the jury was based upon the second defense. This principle has been many times declared by this court, beginning with
 
 Sites
 
 v.
 
 Haverstick,
 
 23 Ohio St., 626.
 

 The only error claimed by Mrs. Gath upon the trial of the issues raised by the first defense relates to the question of continuous disability of the insured after January 20, 1923, and whether he was by his alleged injuries on that date disabled from performing any and every kind of duty pertaining to his occupation. The policy provided and the petition alleged that it was agreed that the beneficiary would be entitled to death benefits only in the event that the injuries “wholly or continuously disabled the said Charles W. Gath from the date of accident from performing any and every kind of duty pertaining to his occupation, and during the period of such disability, within two hundred weeks from the date of accident, should result independently and exclusively of all other causes in the death of the said Charles W. Gath.”
 

 The burden was therefore upon the claimant to establish that fact. The evidence was in conflict, and the claimant requested the court to charge by way of interpretation of that clause in the insurance policy that it was not necessary that the accident should render Gath absolutely helpless, but was sufficient if the disability rendered him unable to perform the substantial and material acts of his busi
 
 *267
 
 ness or occupation in the usual and customary way; and upon like request the court further charged that the fact that he tried to work after the accident was not to be taken as conclusive evidence of an ability to do so; that although he may have been able to perform some of his duties after the injury, if he was unable to remain for the usual period of time during the day, and the quality of his work 'fell off from the date of the injury, and he grew progressively worse, then he was to be regarded as wholly and continuously disabled from the date of the accident from performing any and every kind of duty pertaining to his occupation. Counsel for the insurance company, thereupon submitted a special interrogatory as follows:
 

 “Was Charles W. Gath able to perform any duty pertaining to his occupation at any time after the Hughes funeral on January 20, 1923?”
 

 This interrogatory was answered by the jury in the affirmative. The answer to' the interrogatory as well as the verdict was signed by 11 jurors. No objection was made to the submission of the interrogatory and no exception taken to its being answered. It is now urged that the submission of the interrogatory was error, and that too great a duty was imposed upon the plaintiff. We are unable to concur in this view. In answering the interrogatory the jury must have had in mind the interpretation which the court had placed upon that provision in the policy, and we are of the opinion that the court was quite generous in instructing the jury that they might find him to be wholly disabled, even though able to perform certain duties in a less efficient manner,
 

 
 *268
 
 It is further complained that the court. refused to charge that Gfath was continuously and totally disabled from the date of accident if he suffered injuries and the results thereof continued from the date of accident, and he was wholly incapacitated within such time as was required for the purposes of nature to bring about such total disability. The trial court was clearly right in refusing that instruction, because it involved speculative features having no support in the evidence.
 

 While we do not definitely approve the instruction of the trial court upon the question - of total disability from the date of the accident, the instruction was favorable to the claimant, and the verdict of the jury was adverse to her; hence the instruction could not have affected the result. We therefore find no reversible error in this record, and the judgment of the Court of Appeals must be reversed and the judgment of the court of common pleas affirmed.
 

 Judgment reversed.
 

 Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.