## MASONCUP v WOOTEN

Ohio Appeals, 4th Dist, Scioto Co

Decided Feb 12, 1929

Miller & Searl, Portsmouth, for Masoncup.

Bannon & Bannon, Portsmouth, for Wooten.

BY THE COURT

In a former opinion this court disposed of the contention of the plaintiff in error that the verdict of the jury was against the manifest weight of the evidence.  Since then additional objections have been urged by the plaintiff in error and have been duly considered by the court.

We find that there is no substantial ground for the later contentions except in respect to special instruction number five which was given to the jury before argument at the request of the plaintiff below.  The instruction follows:

"On the subject of intoxication I charge you that the burden is upon the defendant to satisfy you by a fair preponderance of the evidence that the plaintiff was at the time of the accident under the influence of intoxicating liquors to such an extent that it might have influenced his action at that time, and unless you so find by a fair preponderance of the evidence you should exclude from your minds in your deliberation the question of intoxication."

This instruction imposed upon the defendant the burden to **satisfy** the jury by a fair preponderance of the evidence that the plaintiff was intoxicated at the time of the alleged accident before they could consider the question of intoxication as affecting plaintiff's legal rights in the case. This instruction requires a greater degree of proof than is warranted by law. The defendant was required to support his contention by a preponderance of evidence, and that means only the greater weight of evidence.

In the case of **Travelers' Insurance Co. v. Gath, 118 O.S. 257, 261,** the Supreme Court in referring to the degree of proof required in civil cases said:

(Here follows quotation from this opinion.)

We quote from the case cited for the reason that it is the most recent expression of condemnation by the Supreme Court of the use of the word "satisfied" in defining the degree of proof required in civil cases. It seems to us that the language quoted makes a reversal of the judgment in this case imperative. It is insisted that there is no substantial proof in the record of any intoxication whatever. At least three witnesses testify to the fact that they saw the plaintiff a short time prior to the accident complained of, one witness fixing the time at 10:30 P. M., and that the plaintiff at the time so seen gave evidences of intoxication. Certainly it is not within the power of this court to determine what such evidence tends to prove or fails to establish. That would amount to depriving the defendant of the right of trial by jury.

For the giving of plaintiff's special instruction number five, quoted as aforesaid, the judgment is reversed and the case is remanded to the Court of Common Pleas for further proceedings according to law.

Middleton, PJ, Mauck and Blosser, JJ, concur.