[Cite as *Langley v. Langley*, 2014-Ohio-1651.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DIXIE LYNN LANGLEY NKA HARMON

Plaintiff-Appellant/Cross-Appellee

-vs-

GEORGE EUGENE LANGLEY

Defendant-Appellee/Cross-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Craig R. Baldwin, J.

Case No. 2013CA0015

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Coschocton County Common Pleas Court, Case No. 96-CI-206 |
| JUDGMENT: | Affirmed in part, Reversed in part, and Remanded |
| DATE OF JUDGMENT ENTRY: | April 16, 2014 |
| APPEARANCES: | |

| For Plaintiff-Appellant/Cross-Appellee | For Defendant-Appellee/Cross-Appellant |
|---|---|
| ROBERT A. SKELTON<br>309 Main Street<br>Coshocton, Ohio 43812 | LEE S. ROSENTHAL<br>Goldman & Rosenthal<br>2 Easton Oval, Suite 180<br>Columbus, Ohio 43219 |

*Hoffman, P.J.*

{¶1} Plaintiff-appellant/cross-appellee Dixie Lynn Langley nka Harmon ("Appellant") appeals the May 15, 2013 Judgment Entry entered by the Coshocton County Court of Common Pleas, which overruled her objections to the magistrate's February 4, 2013 decision, adopted said decision as it relates to the overruling of Appellant's motion for contempt, and approved and adopted paragraphs 1, 2, and 3 of the magistrate's Conclusions of Law as well as paragraphs 1-14 of the Findings of Fact. Defendant-appellee/cross-appellant George E. Langley ("Appellee") appeals the same judgment entry, which sustained Appellant's objections to the magistrate's decision granting Appellee's motion for declaratory judgment, finding he was obligated to maintain the insurance policy.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant and Appellee entered into a Separation Agreement on June 12, 1996. The Separation Agreement was subsequently incorporated into a July 31, 1996 Judgment Entry, which granted the parties' a dissolution of their marriage.

{¶3} Article VI of the Separation Agreement provides:

Both parties agree that they will maintain the current life insurance policy with each party paying 50% of the costs thereof. Both parties shall remain the beneficiary of the other's policy until such time as the minor child, Angela Lynne Langley can be named as beneficiary. Both parties shall execute the proper paperwork with said insurance company making the beneficiary irrevocable.

**{¶4}** It is undisputed Appellee failed to make any payments toward the cost of the life insurance policy since the date of the dissolution. Appellee testified Appellant never asked him to pay his share of the costs of the policy. Appellee added, following the dissolution, Appellant told him not to worry about his share of the premium, she would pay it and get the money back when Appellee died.[1] Appellee indicated he had never seen a bill for the policy.

**{¶5}** In 2004, the parties changed Appellant's name as the primary beneficiary from Dixie L. Langley to Dixie L. Harmon. The parties also designated Appellant's mother, Wilma E. Harmon-Moren, as contingent beneficiary. The parties have made no other changes to the policy.

**{¶6}** In 2012, when the policy came up for its 20 year renewal, Appellee advised Appellant he wished to designate the parties' daughter, Angela, who was then 22 years old, as the beneficiary of the majority of the proceeds and to designate some of the proceeds toward the payment of funeral expenses. Appellant informed Appellee Angela did not want the responsibility of being the beneficiary and the policy should remain in effect as is with Appellant as primary beneficiary.

**{¶7}** Appellant and Appellee each testified regarding the intent of the insurance policy provision in the Separation Agreement. Appellant maintained the intent was Appellee would designate Angela as the beneficiary when the child turned 18 years of age. On the other hand, Appellee stated the intent was he would maintain the policy with Appellant designated as the beneficiary until his obligation to pay child support terminated after which the policy would be his alone to do as he wished. Appellee's

---

[1] Appellant was known to be HIV positive, prior to the parties' entering into the separation agreement.

obligation to pay child support terminated in 2008, when Angela graduated from high school and turned 18 years of age.

{¶8} Counsel for Appellee sent a letter to Appellant advising her Appellee felt he was no longer obligated to maintain the policy in its current state, and wanted to take control over the policy and designate the beneficiary of his choice. Appellant subsequently filed a motion for contempt, alleging Appellee had "failed for years to pay 50% of the cost of the policy * * *". In response thereto, Appellee filed a Motion for Declaratory Judgment, arguing the life insurance provision set forth in the Separation Agreement had been satisfied in full and the parties were no longer obligated to maintain the life insurance policy for the benefit of one another.

{¶9} The motions came on for hearing before the magistrate on November 15, 2012. Via decision filed February 4, 2013, the magistrate overruled Appellant's motion for contempt, and granted Appellee's motion for declaratory judgment.

{¶10} With respect to the motion for contempt, the magistrate found Appellant failed to prove by clear and convincing evidence Appellee was in contempt as Appellee had only attempted to make changes to the beneficiary of the policy, but no changes had actually been made since 2004. The magistrate also found Appellant was barred by the doctrine of laches from asserting Appellee owes her one-half of the costs of the insurance premiums she paid over the last sixteen years. The magistrate noted Appellant failed to present any evidence she demanded the money from Appellee.

{¶11} With respect to the motion for declaratory judgment, the magistrate found the life insurance provision set forth in the Separation Agreement was ambiguous for a number of reasons, and requiring Appellee to maintain the insurance policy for the

benefit of either Appellant or their adult daughter when he no longer had a legal obligation to support the child was unreasonable.

{¶12} Appellant filed objections to the magistrate's decision. Appellant argued, inter alia, the trial court did not have jurisdiction to modify the parties' property division or to rule on Appellee's motion for declaratory judgment. Appellant also objected to the magistrate's Findings of Fact Nos. 6, 7, 8, 9, 10, 11, 12, 13, and 14 as such evidence was irrelevant to the contempt motion and no evidence should have been admitted in support of Appellee's motion for declaratory judgment. In addition, Appellant objected to the magistrate's Conclusions of Law Nos. 1 – 3.

{¶13} Via Judgment Entry filed May 15, 2013, the trial court granted Appellant's objections as to the magistrate's decision regarding Appellee's motion for declaratory judgment, but overruled her objections as to the magistrate's decision regarding her motion for contempt. The trial court adopted the magistrate's Findings of Fact Nos. 6-14, and Conclusions of Law Nos. 1-3.

{¶14} It is from the May 15, 2013 Judgment Entry Appellant appeals, raising the following assignments of error:

{¶15} "I. THE TRIAL COURT COMMITTED A GROSS ABUSE OF DISCRETION WHEN ADOPTING THE MAGISTRATE'S DECISION AS IT RELATES TO THE MOTION FOR CONTEMPT.

{¶16} "II. THE TRIAL COURT COMMITTED A GROSS ABUSE OF DISCRETION IN ADOPTING A MAGISTRATE'S DECISION WHICH ALLOWED INTO EVIDENCE AND MADE FINDINGS OF FACT ON LACHES WHEN SAID ISSUE WAS NOT PLED BY APPELLEE AND NOT PROVEN."

**{¶17}** Appellee cross-appeals, assigning as error:

**{¶18}** "I. THE TRIAL COURT COMMITTED ERROR WHEN IT OVERRULED THE PORTION OF THE MAGISTRATE'S DECISION THAT RULED THAT APPELLEE/CROSS-APPELLANT NO LONGER HAS AN OBLIGATION TO MAINTAIN THE LIFE INSURANCE POLICY THAT IS THE SUBJECT OF THIS ACTION."

Appeal

I

**{¶19}** In her first assignment of error, Appellant argues the trial court abused its discretion in adopting the magistrate's decision as it relates to her motion for contempt.

**{¶20}** When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. *In re Anderson,* 2d Dist. Montgomery No. 25367, 2013–Ohio–2012, ¶ 14. In accordance with Civ. R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *Id.* Thus, the trial court engages a *de novo* standard of review, and should not adopt the magistrate's factual findings unless it agrees with them. *Crosby v. McWilliams,* 2d Dist. Montgomery No. 19856, 2003–Ohio–6063, at ¶ 33–34. The trial court has discretion to determine whether to sustain or overrule an objection to a magistrate's decision, and we will not reverse that determination absent an abuse of that discretion. *Wade v. Wade,* 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (1996). For this court to find an abuse of discretion, we must conclude that the trial court's determination was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶21} Specifically, Appellant takes issue with the trial court's adoption of the magistrate's Findings of Fact Nos. 6 – 14. Appellant contends these findings were based upon evidence Appellee presented in support of his motion for declaratory judgment. Appellant maintains because the trial court lacked jurisdiction to hear a motion for declaratory judgment, it should not have adopted findings based upon evidence presented in support of said motion. We disagree.

{¶22} In her motion, Appellant argued the trial court should find Appellee in contempt for "attempting to change the beneficiary on his life insurance policy to someone other than her or the minor child", and for failing "for years to pay 50% of the cost of the policy". The evidence of which Appellant complains was presented not only in support of Appellee's motion for declaratory judgment, but also in support of his position he should not be held in contempt. While we agree the trial court did not have authority to issue a "declaratory judgment" nor alter the terms of the agreement, this evidence was relevant to whether Appellee was knowingly violating the order. Accordingly, we find the trial court did not abuse its discretion in adopting these magistrate's findings of fact.

{¶23} Appellant's first assignment of error is overruled.

II

{¶24} In her second assignment of error, Appellant maintains the trial court abused its discretion in adopting the magistrate's decision which considered, and based

findings upon, evidence of laches when such issue was neither pleaded[2] argued nor proven by Appellee.

**{¶25}** The four " 'elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party'." *State ex rel. Craig v. Scioto Cty. Bd. of Elections,* 117 Ohio St.3d 158, 882 N.E.2d 435, 2008-Ohio-706, ¶ 11, quoting *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 145, 656 N.E.2d 1277.

**{¶26}** "[A] trial court cannot sua sponte raise an affirmative defense on behalf of a defendant who fails to do so." *O'Brien v. Olmsted Falls,* Cuyahoga App. Nos. 89966, 90336, 2008-Ohio-2658, ¶ 14, citing *Thrower v. Olowo,* Cuyahoga App. No. 81873, 2003-Ohio-2049. However, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Civ.R. 15(B).

**{¶27}** In *State ex rel. Evans v. Bainbridge Twp. Trustees* (1983), 5 Ohio St.3d 41, 448 N.E.2d 1159, the Ohio Supreme Court held, under Civ.R. 15(B) "implied consent is not established merely because evidence bearing directly on an unpleaded issue is introduced without objection; it must appear that the parties understood the evidence was aimed at the unpleaded issue." *Id.* at paragraph two of syllabus. In addition, an issue may not be tried by implied consent where it results in substantial prejudice to a party. *Id.* at 45, 448 N.E.2d 1159. "Various factors to be considered in determining whether the parties impliedly consented to litigate an issue include: whether

---

[2] We agree with Appellee a "Motion for Declaratory Judgment does not require a responsive pleading asserting the affirmative defense of laches."

they recognized that an unpleaded issue entered the case * * *; whether the opposing party had a fair opportunity to address the tendered issue or would offer additional evidence if the case were to be retried on a different theory * * *; and whether the witnesses were subjected to extensive cross examination on the issue * * *." *Id.* at 45-46, 448 N.E.2d 1159. (Internal citations omitted.)

{¶28} Upon review of the record, we find the parties did not try this issue by either expressed or implied consent. We acknowledge Appellee presented evidence which established when he offered to pay the premiums shortly after the dissolution, Appellant told him not to worry about his share of the premiums. Appellee also offered evidence which revealed Appellant never requested Appellee pay the premiums and never sent Appellee copies of the bills for the premiums. However, Appellee introduced this evidence not to prove Appellant was barred by the doctrine of laches from asserting a claim for the unreimbursed insurance premiums, but rather to support his position he should not be held in willful contempt. Further, Appellee presented no affirmative evidence he was prejudiced by Appellant's delay in asserting her right to payment.

{¶29} Because the record does not establish any understanding between the parties that any evidence presented during the hearing was intended to prove laches, we conclude the trial court erred in raising it sua sponte.

{¶30} Appellant's second assignment of error is sustained.

CROSS-APPEAL

I

{¶31} In his sole cross-assignment of error, Appellee contends the trial court erred in overruling the magistrate's finding he was no longer obligated to maintain the life insurance policy at issue herein.

{¶32} The magistrate granted Appellee's motion for declaratory judgment.  The magistrate found the life insurance provision in the Separation Agreement was ambiguous and declared the provision had been satisfied in full and the parties were no longer obligated to maintain the life insurance policy for the benefit of one another.

{¶33} A "motion" for a declaratory judgment is procedurally incorrect and inadequate to invoke the jurisdiction of the court pursuant to R.C. Chapter 2721.  *Fuller v. German Motor Sales*, 51 Ohio App. 3d 101, 103 (1988).

{¶34} Pursuant to *Fuller*, the trial court found Appellee's motion for declaratory judgment could not be sustained, and denied the same.  Appellee does not dispute this determination.  Rather, Appellee argues the magistrate's findings supported not only his motion for declaratory judgment, but also his defense against Appellant's motion for contempt.  Appellee concludes the magistrate's findings remain valid and enforceable.  We disagree.

{¶35} Because we find the trial court had no jurisdiction to render "declaratory judgment", the magistrate's decision was, in that regard, void and a nullity. A void judgment puts the parties in the same position they would be in if it had not occurred. *Romito v. Maxwell, Warden*, 10 Ohio St.2d 266, 267 (1967).  Accordingly, we conclude

the life insurance provision remains in effect as do Appellee's obligations thereunder. We do not find the provision ambiguous.

**{¶36}** Appellee's sole cross-assignment of error is overruled.

**{¶37}** The judgment of the Coshocton County Court of Common Pleas is affirmed in part, and reversed in part and the matter remanded to the trial court for further proceedings consistent with this opinion and the law.

By: Hoffman, P.J.

Farmer, J. and

Baldwin, J. concur