[Cite as *Robinette v. PNC Bank, N.A.*, 2016-Ohio-767.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CYNTHIA ROBINETTE, et al. | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiffs - Appellants | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| PNC BANK, NA, et al. | : | Case No. 15-CA-47 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:                 Appeal from the Licking County
                                        Court of Common Pleas, Case No.
                                        2014 CV 0712



JUDGMENT:                               Affirmed



DATE OF JUDGMENT:                       February 25, 2016




APPEARANCES:

For Plaintiffs-Appellants               For Defendant-Appellee Carrara
                                        Restoration of Northeast Ohio, Inc.


C. DANIEL HAYES                         MARK I. WACHTER
Hayes Law Offices                       Wachter Kurant, LLC
195 E. Broad Street                     30195 Chagrin Blvd, Suite 300
PO Box 958                              Cleveland, Ohio 44124
Pataskala, Ohio 43062

*Baldwin, J.*

{¶1}    Plaintiffs-appellants Cynthia Robinette and Ashley Robinette appeal from the June 10, 2015 Findings of Fact and Conclusions of Law issued by the Licking County Court of Common Pleas granting judgment in favor of defendant-appellee Carrara Restoration of Northeast Ohio, Inc.

STATEMENT OF THE FACTS AND CASE

{¶2}    In the summer of 2012, a storm damaged the residence of Jerry Robinette and appellant Cynthia Robinette, causing structural damage. Appellee Carrara Restoration of Northeast Ohio, Inc., which provides restoration services to damaged property, assessed the damage to the property at the request of Motorists Mutual Insurance Company, the insurer. Appellee determined that the cost to repair the home would be $18,251.92.

{¶3}    Motorists Mutual Insurance Company, after approving the damage estimate, issued a check dated July 12, 2012 in the amount of $17,316.73 payable to Jerry Robinette, appellant Cynthia Robinette and appellee.    Jerry Robinette was listed as the insured on the check. On or about August 31, 2012, appellee entered in to an agreement with Jerry Robinette to provide restoration services to the property.  Appellee and Jerry Robinette entered in to an agreement whereby the check would be endorsed by the Robinettes and delivered to appellee. Appellee then would exchange the check for a check to the Robinettes in the amount of one half of the check amount and the Robinettes would hold the remaining funds until the work was completed. Appellee did not receive any payment prior to starting work.

{¶4} After the work was completed by appellee and Jerry Robinette failed to make any payments, appellee contacted Motorists Mutual Insurance Company and was provided with a copy of the July 12, 2012 check. The check had been endorsed in writing by Jerry Robinette and appellant Cynthia Robinette and contained a handwritten endorsement by "Justin Sucato for Carrara Restoration." The check had been deposited into the Robinette's joint account at PNC Bank. Justin Sucato, contending that his signature on the check was forged, had PNC freeze the accounts at PNC owned by appellant Cynthia Robinette and Jerry Robinette.

{¶5} Jerry Robinette died on January 11, 2014.

{¶6} On August 6 2014, appellants Cynthia Robinette and Ashley Robinette[1] filed a complaint for declaratory judgment against PNC Bank. Appellants, in their complaint, asserted that the accounts had been frozen because appellee had alleged that Jerry Robinette had "deposited his own insurance proceeds with the Defendant [PNC] in violation of an agreement between the third party and Jerry Robinette." Appellants further argued that since no claim had been filed against the Estate of Jerry Robinette, PNC had no reason to hold, freeze or otherwise restrict access to their accounts. They asked that their funds be returned to them.

{¶7} Thereafter, on September 4, 2014, PNC Bank filed an answer, a counterclaim and a third-party complaint against appellee. Appellee filed an answer and a crossclaim against appellant Cynthia Robinette on October 14, 2014, setting forth causes of action for conversion and unjust enrichment.

---

[1] Appellant Ashley Robinette and appellant Cynthia Robinette owed a joint account that had been frozen by PNC.

{¶8}   As memorialized in an Order filed on October 28, 2014, the trial court granted PNC leave to deposit up to $17,316.73 contained in specified accounts with the Clerk of Courts. PNC was dismissed with prejudice. On November 25, 2014, $14,060.77 was deposited with the Clerk.

{¶9}   A bench trial was held on April 28, 2015 after which the parties filed proposed findings of fact and conclusions of law. Pursuant to Findings of Fact and Conclusions of Law filed on June 10, 2015, the trial court granted judgment in favor of appellee and against appellant Cynthia Robinette in the amount of $17,316.73, the amount of the check issued by Motorists Mutual.

{¶10}  Appellee, on July 1, 2015, filed a motion seeking to have the funds held by the Clerk of Courts released to appellee.  The next day, appellants filed a Notice of Appeal.  As memorialized in an Order filed on July 8, 2015, the trial court ordered the Clerk to pay to appellee the sum of $14,060.77, less statutory poundage.

{¶11}  Appellants now raise the following assignments of error on appeal:

{¶12}  I.  THE TRIAL COURT'S ENTRY IN RELATION TO APPELLEE'S CLAIM FOR CONVERSION IS CONTRARY TO LAW AND IN ERROR.

{¶13}  II.  THE TRIAL COURT'S ENTRY IN RELATION TO APPELLEE'S CLAIM FOR CONVERSION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS IT IS NOT SUPPORTED BY COMPETENT AND / OR CREDIBLE RECORD EVIDENCE.

{¶14}  III.  THE TRIAL COURT'S ENTRY IN RELATION TO APPELLEE'S CLAIM FOR UNJUST ENRICHMENT IS CONTRARY TO LAW AND IN ERROR.

{¶15}  IV.  THE TRIAL COURT'S ENTRY IN RELATION TO APPELLEE'S CLAIM FOR UNJUST ENRICHMENT IS AGAINST THE MANIFEST WEIGHT OF THE

EVIDENCE AS IT IS NOT SUPPORTED BY COMPETENT AND/OR CREDIBLE RECORD EVIDENCE.

{¶16} However, before addressing the merits of appellants' assignments of error, we must first determine whether or not, as appellee alleges, appellants' appeal should be dismissed as moot. Appellee specifically contends that the appeal is moot because the underlying judgment has been satisfied. Appellee notes that appellants took no action to stay execution of the judgment and that, as a result, the trial court released the funds to appellee.

{¶17} It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. " 'Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.' " *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451, 453 (1959) , quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus.

{¶18} Appellants, in turn, argue that the release of the funds by the Clerk in this case was not voluntary. Appellants point out that appellee filed its motion seeking to have the funds held by the Clerk of Courts released to appellee on July 1, 2015 and the trial court granted such motion on July 8, 2015 without giving appellants an opportunity to be heard as required by Licking County Common Pleas Court Local Rule 5, which states, in relevant part, as follows:

Rule 5.  MOTION DOCKET

(A)  All motions shall be accompanied by a brief or memorandum stating the grounds thereof and citing the authorities relied upon.  In the absence of such brief or memorandum, such motion may be stricken from the files.

(B)  All motions shall be submitted to the Court for docketing at the time they are filed with the Clerk of Courts.  At the time of the submittal of the motion, the moving party shall submit to the Court an order or notice of hearing scheduling an oral or non-oral hearing upon the motion.  The motion and order or notice of hearing containing the oral or non-oral hearing date shall be served upon all opposing parties or their counsel by the moving party.

(C)  In accordance with Rule 6(D) of the Ohio Rules of Civil Procedure, the oral or non-oral hearing may be set no earlier then seven (7) days after the date of service of the motion, unless the Court in an order explicitly affixes a shorter time period.  All motions for summary judgment, in accordance with Rule 56(C) of the Ohio Rules of Civil Procedure, shall be scheduled for oral or non-oral hearing not earlier than fourteen (14) days after the date of the service of the motion.

{¶19}  In the case sub judice, appellee's motion was not set for non-oral hearing "no earlier than seven (7) days after the date of service of the motion,…" We find,

therefore, that appellants did not have an opportunity to respond to the motion before it was granted and the funds released and that the Clerk's release of the funds does not constitute voluntary payment. We find that the appeal is not moot for such reason.

{¶20} We will now turn to appellants' assignments of error. For purposes of judicial economy, we shall address the assignments of error out of sequence.

III, IV

{¶21} Appellants, in their third and fourth assignment of error, argue that the trial court's judgment with respect to the unjust enrichment claim is contrary to law and against the manifest weight of the evidence.

{¶22} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 614 N.E.2d 742 (1993).

{¶23} The elements of an unjust enrichment claim are: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984). Under Ohio law, unjust enrichment is a claim under quasi-contract law that arises out of the obligation cast by law upon a person in receipt of benefits that he is not justly entitled to retain. See *Beatley v. Beatley,* 160 Ohio App.3d 600, 2005-Ohio-1846, 828 N.E.2d 180. Unjust enrichment entitles a party only to restitution of the

reasonable value of the benefit conferred. *St. Vincent Med. Ctr. v. Sader*, 100 Ohio App.3d 379, 384, 654 N.E.2d 144 (6th Dist. 1995).

{¶24} In the case sub judice, appellant Cynthia Robinette admitted in her answer to appellee's crossclaim that, during the summer of 2012, her residence was damaged during a storm. At the bench trial, Michael Roe, the project manager, testified that he went over the nature of the work that needed to be performed by appellee with Jerry Robinette and appellant Cynthia Robinette. The check that was issued by Motorists Mutual for the repair work was payable to appellant Cynthia Robinette, her husband and appellee. The money from the check was deposited into the Robinette's joint account. Testimony was adduced at the bench trial that appellee had never been paid for the work that it had performed. As noted by the trial court in its decision, appellant Cynthia Robinette "received the benefit of the work done by Carrara, to wit, the restoration of her home, but did not pay anything for the work. Additionally, she has received the benefit of the deposit into her account of the insurance proceeds intended to pay Carrara for the work it performed."

{¶25} With respect to the reasonable value of the services, both Justin Sucato and Michael Roe testified at the bench trial that the reasonable value of the services that appellee performed was $18,251.00, the amount of the contract. There was no evidence to the contrary.

{¶26} Based on the foregoing, we find that the trial court's judgment with respect to the unjust enrichment claim is not contrary to law or against the manifest weight of the evidence. We find that there was competent and credible evidence that appellant Cynthia Robinette received a benefit that was conferred upon her by appellee, that she had

knowledge of the benefit, and that retention of the benefit by her without payment to appellee would be unjust.

{¶27}  Appellants' third and fourth assignments of error are, therefore, overruled.

I, II

{¶28}  Appellants, in their first and second assignment of errors, argue that the trial court's judgment with respect to appellee's conversion claim is contrary to law and against the manifest weight of the evidence.

{¶29}  Based on our disposition of appellants' third and fourth assignments of error, appellants' first and second assignments of error are moot.

{¶30}  Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.