[Cite as *Fedex Corporate Serv., Inc. v Heat Surge, L.L.C.*, 2019-Ohio-217.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| FEDEX CORPORATE SERVICES, INC. : | | JUDGES: |
| : | | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee : | | Hon. W. Scott Gwin, J. |
| : | | Hon. Earle E. Wise, Jr., J. |
| -vs- : | | |
| : | | |
| HEAT SURGE, LLC : | | Case No. 2018CA00026 |
| : | | |
| Defendant-Appellant : | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2016CV01859




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 January 22, 2019




APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MARK J. SHERIFF                       LEE E. PLAKAS
2000 West Henderson Road              EDMOND J. MACK
Columbus, OH  43220                   MARIA C. KLUTINOTY EDWARDS
                                      220 Market Avenue South
                                      Eighth Floor
                                      Canton, OH  44702

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Heat Surge, LLC, appeals the March 9, 2018 judgment entry of the Court of Common Pleas of Stark County, Ohio, overruling its objections and granting judgment to Plaintiff-Appellee, FedEx Corporate Services, Inc.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In 2010, appellee started providing shipping services to appellant.  In 2013, the business relationship ended because appellant was not timely paying for the services.

{¶ 3}   On August 15, 2016, appellee filed a complaint against appellant for breach of contract, account, and unjust enrichment.  Appellee alleged appellant had an unpaid balance of $56,733.88.  A bench trial before a magistrate was held on May 4, 2017.  By decision filed October 11, 2017, the magistrate found in favor of appellee on its unjust enrichment claim and awarded appellee $56,733.88.

{¶ 4}   Appellant filed objections, claiming there was insufficient evidence to establish the nature of the actual shipping services performed by appellee and the value thereof, the trial exhibits were not admitted into evidence and constituted inadmissible, unauthenticated hearsay, appellee did not establish that appellant was the entity who conferred a benefit on appellee, appellee could not plead both breach of contract and unjust enrichment, and there was no finding of fraud, misrepresentation, or bad faith on the part of appellant to support the unjust enrichment claim.  By judgment entry filed March 9, 2018, the trial court overruled the objections, approved and confirmed the magistrate's decision, and rendered judgment in favor of appellee in the amount of $56,733.88.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 6}  "THE TRIAL COURT ERRED IN FAILING TO ENGAGE IN AN INDEPENDENT REVIEW OF THE MAGISTRATE'S DECISION, ADOPTING THE MAGISTRATE'S DECISION, AND ISSUING A RULING THAT WAS NOT SUPPORTED BY THE EVIDENCE IN THE RECORD."

I

{¶ 7}   Appellant claims the trial court erred in overruling its objections without engaging in an independent review and in adopting the magistrate's decision that was unsupported by the evidence.  We disagree.

{¶ 8}   As explained by this court in *Langley v. Langley,* 5th Dist. Coshocton No. 2103CA0015, 2014-Ohio-1651, ¶ 20:

When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate.  *In re Anderson,* 2d Dist. Montgomery No. 25367, 2013-Ohio-2012, ¶ 14.  In accordance with Civ. R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment.  *Id.*  Thus, the trial court engages a de novo standard of review, and should not adopt the magistrate's factual findings unless it agrees with them.  *Crosby v. McWilliams,* 2d Dist. Montgomery No. 19856, 2003-Ohio-6063, at ¶ 33-34.

The trial court has discretion to determine whether to sustain or overrule an objection to a magistrate's decision, and we will not reverse that determination absent an abuse of that discretion. *Wade v. Wade,* 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (1996). For this court to find an abuse of discretion, we must conclude that the trial court's determination was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 9} First, appellant argues the trial court did not conduct an independent review of the magistrate's decision. In its March 9, 2018 judgment entry overruling appellant's objections, the trial court specifically stated the following:

Pursuant to Civ.R. 53(D)(4)(d), the Court has undertaken an "independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

After an independent review of the record, the Court has determined that the Magistrate property (sic) determined the factual issues and appropriately applied the law.

{¶ 10} The trial court wrote a seven page judgment entry addressing each of the objections. Appellant may not agree with the result of the trial court's review, but has not

demonstrated that the trial court did not conduct an independent review.  This argument lacks merit.

{¶ 11} Next, appellant argues appellee failed to meet its burden of proving that it conferred a $56,733.88 benefit on appellant to support its unjust enrichment claim.

{¶ 12} As explained by this court in *Robinette v. PNC Bank,* 5th Dist. Licking No. 15-CA-47, 2016-Ohio-767, ¶ 23:

> The elements of an unjust enrichment claim are: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Hambleton v. R.G. Barry Corp.,* 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).  Under Ohio law, unjust enrichment is a claim under quasi-contract law that arises out of the obligation cast by law upon a person in receipt of benefits that he is not justly entitled to retain.  See *Beatley v. Beatley,* 160 Ohio App.3d 600, 2005-Ohio-1846, 828 N.E.2d 180.  Unjust enrichment entitles a party only to restitution of the reasonable value of the benefit conferred.  *St. Vincent Med. Ctr. v. Sader,* 100 Ohio App .3d 379, 384, 654 N.E.2d 144 (6th Dist.1995).

{¶ 13} A plaintiff must establish the elements of unjust enrichment by a preponderance of the evidence.  "Preponderance of evidence means the greater weight of evidence. * * * The greater weight may be infinitesimal, and it is only necessary that it

be sufficient to destroy the equilibrium." *Travelers' Insurance Company of Hartford, Conn. v. Gath,* 118 Ohio St. 257, 261, 160 N.E. 710 (1928).

{¶ 14} Appellant argues appellee did not present any evidence as to the services performed or the value of said services. Appellant also argues any documentation as to value was not admitted into evidence, was not properly authenticated, and constituted inadmissible hearsay.

{¶ 15} The sole witness at the trial was Mark Orris, an employee of appellee's for twenty-eight years, fifteen years as District Sales Manager for northeast Ohio. T. at 6. Mr. Orris testified appellee started providing shipping services to appellant around 2010. T. at 7. He personally spoke with "a number of different people" at appellant's business "[o]ver the years." T. at 22. Appellant would produce a FedEx label and place that label on its packages "which tells us the service they want from us and the location to deliver it." T. at 8. Appellee would pick up the packages and deliver them according to the instructions provided by appellant. *Id.* In 2013, appellee terminated its business relationship with appellant because they failed to timely pay on the invoices. T. at 8-9. Appellant was charged a standard price "minus the discounts in place that we had negotiated with them." T. at 9. Appellant had a rate structure that was "unique to them." *Id.* Appellant was billed weekly with a standard invoice. T. at 10. Mr. Orris testified that appellee owed $56,733.88 on unpaid invoices. T. at 13. He obtained the figure from Exhibit B, attached to the complaint. *Id.* Mr. Orris testified the exhibit was prepared in the ordinary course of business and the amounts listed were true and correct. T. at 14, 30. Defense counsel cross-examined Mr. Orris on the exhibit. T. at 26-29, 36-37.

Appellant did not present any evidence to refute the amount of the charges or that the services were provided by appellee as requested.

{¶ 16} Appellant argued to the magistrate about the appropriateness of Exhibit B to support appellee's breach of contract and account claims. T. at 39-41, 43-44. However, the magistrate/trial court did not grant judgment to appellee under the breach of contract or account claims, but under the claim of unjust enrichment. We find Exhibit B to be sufficient to establish the value of services rendered for a determination under unjust enrichment. Mr. Orris testified to his personal knowledge of the business relationship between appellant and appellee, and had personal knowledge of the outstanding balance, the exact amount contained in Exhibit B which was prepared by an employee for appellee in the ordinary course of business. Exhibit B was attached to the complaint and was presented to the witness during the trial. Mr. Orris testified he was familiar with the operation of appellee's business and the exhibit's preparation in the ordinary course of business. We do not find an issue with the use of Exhibit B. Evid.R. 803(6) and 901(A) and (B)(1).

{¶ 17} Appellant argues appellee did not present any evidence as to appellee conferring a benefit to appellant because any alleged shipping services were not performed by appellee, but by a different entity, FedEx Ground.

{¶ 18} Mr. Orris testified he is employed by appellee and the rate structure comes from the FedEx Corporate level, not from any specific sub-company. T. at 19-20. Appellant proactively placed FedEx labels on its packages and instructed appellee to deliver them. Appellant did not dispute that the services were rendered as requested. Appellant did not pay the invoices for the delivery services. Appellant did not present any

evidence to challenge the amounts contained in the invoices. Appellant received shipping services without paying for the services. Thus, appellee conferred a benefit on appellant.

{¶ 19} Appellant argues appellee erroneously pled unjust enrichment as a "fail-safe" to its breach of contract claim. Appellant did not err in pleading both theories. *Willey v. Blackstone,* 180 Ohio App.3d 303, 2008-Ohio-7035, 905 N.E.2d 250 (5th Dist.). "While it is true that a party may not recover for the same services under both a contractual claim and a claim for quantum meruit, a party is not barred from seeking alternative theories and recovering under a quantum meruit theory if his contractual claim fails." *Building Industry Consultants, Inc. v. 3M Parkway, Inc.,* 182 Ohio App.3d 39, 2009-Ohio-1910, 911 N.E.2d 356, ¶ 17 (9th Dist.).

{¶ 20} Appellant argues appellee was required to show that the conferral of the benefit was the product of fraud, misrepresentation, or bad faith by appellant in accepting and retaining the benefit. In its judgment entry overruling this objection, the trial court noted the following: "Neither the Ohio Supreme Court nor the Fifth District Court of Appeals require a finding of fraud, misrepresentation, or bad faith in order for a plaintiff to succeed on a claim of unjust enrichment." We agree. Appellant's reliance on this court's opinion in *Alliance Mall Company v. Pauli,* 5th Dist. Stark No. CA-7326, 1988 WL 38009 (March. 28, 1988), is misplaced. That case involved the breach of a lease agreement by the defendant and an unjust enrichment claim against the plaintiff by a third-party intervenor (mechanic's lien against the defendant).

{¶ 21} Upon review, we do not find the trial court erred or abused its discretion in overruling the objections, adopting and confirming the magistrate's decision, and entering judgment in favor of appellee in the amount of $56,733.88. Sufficient evidence was

presented to establish that appellant received a benefit that was conferred upon it by appellee, appellant had knowledge of the benefit, and retention of the benefit by appellant without payment to appellee would be unjust.

{¶ 22} The sole assignment of error is denied.

{¶ 23} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Gwin, J. concur.

EEW/db 19